**Richard PEREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56025.**

Court of Criminal Appeals of Texas,
En Banc.

April 4, 1979.

Keith E. Kisner, Austin, for appellant.

Ronald D. Earle, Dist. Atty., and Charles E. Hardy, Asst. Dist. Atty., Robert Huttash, State's Atty., Austin, for the State.

OPINION

ON STATE'S MOTION FOR REHEARING

ROBERTS, Judge.

On original submission, a panel of this Court considered the insufficiency of the evidence as unassigned error, and it reformed the judgment to show an acquittal. That opinion is withdrawn and the following opinion is substituted.

A jury found the appellant guilty of aggravated robbery. The court found allegations that the appellant had previously been finally convicted of two felony offenses were true. This fixed the punishment at confinement for life.[1]

The appellant's third ground of error is that the trial court erred in sentencing the appellant in the absence of defense counsel. The statement of facts reveals the following (beginning on September 17, 1975):

"The Court: The sentencing, then, will be set for October the 2nd at 2:00 o'clock.

"[DEFENSE COUNSEL]: Thank you, Your Honor.

Whereupon, this case was recessed until October 2, 1975, and at that time recessed until October 9, 1975, at which time the following proceedings were had:

---

1. We note that the judgment and sentence fail to reflect that the appellant's punishment was enhanced under V.T.C.A., Penal Code, Section 12.42(d). The judgment and sentence should reflect the facts of enhancement. *Howell v.* *State,* 563 S.W.2d 933 (Tex.Cr.App.1978). Also, the sentence should not recite a minimum term. See *Garcia v. State,* 513 S.W.2d 559 (Tex.Cr.App.1974).

"THURSDAY, OCTOBER 9, 1975

AFTERNOON SESSION

"THE COURT: 48,151, Richard Perez.

"Having been found guilty by a jury of aggravated robbery and the District Attorney having proved on the punishment hearing that you had been twice before convicted of a felony, your punishment is assessed at a term of life imprisonment in the Texas Department of Corrections.

"I'll give you credit for any back time that you have.

(Discussion at the Bench.)

"THE COURT: Was that the recommendation of the District Attorney?

"[PROSECUTOR]: It was, Your Honor.

Whereupon, there was a brief recess in this case after which the following proceedings were had out of the presence of defense counsel:

"THE COURT: 48,151, you are Richard Perez and you recall that a jury found you guilty of aggravated robbery. The case comes on for the purpose of being sentenced. You are sentenced to life imprisonment. You're punishment is assessed at life imprisonment, and I'll sentence you to an indeterminate term of not less than five years nor more than life. I'll give you credit for your back time to April 22, 1975. Good luck to you.

"THE DEFENDANT: I wanted to—what do I have to do to set in on appeal?

"THE COURT: All right, I'll tell your attorneys that you want to do that.

THE DEFENDANT: I want to see if I can get a little more time up here so I can straighten out some personal business before I leave.

"THE COURT: I'll talk to them."

■ Thus the record affirmatively shows that the appellant was sentenced in the absence of counsel. The State argues that the recitation, in the printed sentence form, that defendant's counsel was present should be conclusive. Such recitations do not control when the statement of facts shows the contrary. Compare *Porter v. State,* 482 S.W.2d 282, 284 (Tex.Cr.App.1972); *Turner v. State,* 486 S.W.2d 797 (Tex.Cr.App.1972).

■ The record shows that the appellant was indigent. It does not indicate that he waived his right to counsel. Because sentencing is a stage of a criminal proceeding where substantial rights may be affected (see V.A.C.C.P., Article 42.07), a conviction cannot stand if such a defendant is without the assistance of counsel at sentencing. *Ex parte Rains,* 555 S.W.2d 478 (Tex.Cr.App. 1977); *Ex parte Vestal,* 468 S.W.2d 372 (Tex.Cr.App.1971). But the absence of counsel at sentencing does not invalidate the judgment of guilt and the assessment of punishment; the proper remedy is resentencing, not reversal. See *Davis v. Estelle,* 529 F.2d 437 (5th Cir. 1976). Compare *Holly v. State,* 494 S.W.2d 178 (Tex.Cr.App. 1973) (defendant absent when sentence was pronounced).

Accordingly, the sentence is vacated and the cause is remanded for proper sentencing.