**Affirmed and Opinion filed July 19, 2018.**



In The

# Fourteenth Court of Appeals

NO. 14-16-00761-CR
NO. 14-16-00762-CR

**HARLAN J. SIMON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause Nos. 1477620 & 1464356**

## O P I N I O N

Appellant, Harlan J. Simon, pleaded guilty to the third degree felony offense of evading arrest in cause number 1477620, and pleaded guilty to the third degree felony offense of felon in possession of a weapon in cause number 1464356. The trial court sentenced appellant to five years' confinement in each cause number, with the sentence for evading arrest to begin upon completion of the sentence for felon in possession of a weapon. Appellant filed a motion to withdraw his guilty plea in each

cause number. The motions were denied by operation of law.

Appellant contends on appeal that (1) his convictions should be reversed because his guilty pleas rested on a plea agreement with the State that was breached, thereby rendering his guilty pleas involuntary; (2) the trial court abused its discretion by failing to grant his motions to withdraw his guilty pleas because he understood he would receive a two-year sentence but instead received a five-year sentence; (3) his convictions should be reversed because the trial court sentenced him in absentia in violation of Texas Code of Criminal Procedure article 42.14; and (4) his convictions should be reversed because he was denied his Sixth Amendment right to counsel at sentencing. We affirm.

## BACKGROUND

Appellant was charged with the third degree felonies of evading arrest and felon in possession of a weapon. Appellant pleaded guilty in both cases on December 3, 2015, and signed the following documents in both cases: Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession; Admonishments, Statements and Waiver of Defendant; and Advice of Defendant's Right to Appeal. At the time, appellant also signed the Trial Court's Certification of Defendant's Right of Appeal in the felon in possession of a weapon case but not in the evading arrest case. Both trial court certifications have a checkmark next to the line stating: "the defendant has waived the right of appeal."

The trial court signed an In Absentia Judgment in the evading arrest case on January 15, 2016, imposing a sentence of five years' confinement to run consecutively with the felon in possession of a weapon case. On the same day, the trial court signed an In Absentia Judgment in the felon in possession case, imposing a sentence of five years' confinement to run consecutively with the evading arrest case. Both judgments state: "Appeal Waived. No Permission to Appeal Granted."

2

The trial court pronounced appellant's sentence in his presence in the evading arrest and felon in possession of a weapon cases on August 22, 2016; the trial court sentenced appellant to five years' confinement, with the sentence for evading arrest to begin upon completion of the sentence for felon in possession of a weapon. The trial court signed a document in each case on August 22, 2016, apparently attached to the judgments, containing the following statement: "Court Came to Order to Formally Pronounce Sentencing on the Defendant as to 5 Years TDCJ-ID to which He was Previously Sentenced by a Court In Absencia [sic] on 01-15-2016. Additional jail credit to reflect: 8-11-2016 to 8-22-2016."

A notice of appeal was filed in the evading arrest and felon in possession of a weapon cases on September 19, 2016. The trial court signed a judgment nunc pro tunc in each case on September 20, 2016, again indicating that appellant's sentence for the evading arrest case should begin after appellant serves his sentence in the felon in possession of a weapon case.

The clerk's record in the evading arrest case contains appellant's two pro se motions to withdraw his plea of guilty filed on September 21, 2016. The two motions are almost identical and state that appellant requests that the trial court allow him to withdraw his guilty pleas because (1) the jury and the trial court have not yet considered the evidence in the case; (2) he entered into a plea bargain with the State under which he agreed to plead guilty and the State "agreed to two years TDCJ-ID" but the State "failed to fulfill the promise of the State in the sentencing stage of five years;" and (3) his guilty plea was not intelligent and voluntary when he was "forced to put finger print on sentencing paper by ba[i]liff whilst no Judge of the Court was present nor was attorney provided by the Court present."

The clerk's record in the felon in possession of a weapon case also contains two pro se motions to withdraw his plea of guilty filed on September 21, 2016. One

of the filed motions makes the same argument as stated above. The other motion states that appellant requests that the trial court allow him to withdraw his guilty plea because it was not an "intelligent and voluntary plea in that there was not a plea bargain agreement arrainged [sic]." Appellant's motions in both cases were denied by operation of law.

The trial court signed a second Trial Court Certification of Defendant's Right of Appeal in the evading arrest and felon in possession of a weapon cases on January 13, 2017. The certifications have a mark next to the line stating: "is a plea-bargain case, and the defendant has NO right of appeal." The trial court signed a third Trial Court Certification of Defendant's Right of Appeal in the evading arrest and felon in possession of a weapon cases on July 14, 2017. These certifications have a checkmark next to the line stating: "is not a plea-bargain case, and the defendant has the right of appeal."

## ANALYSIS

Before we analyze the four issues appellant raises on appeal, we will address the State's contention that we should dismiss appellant's appeal for lack of jurisdiction.

## I.    Right to Appeal

As a preliminary issue, the State contends that this court "should dismiss the appeal in its entirety because appellant knowingly, intelligently, and voluntarily waived his right to appeal."

The right to appeal may be waived, and such a waiver is valid if made voluntarily, knowingly, and intelligently. *Ex parte Delaney*, 207 S.W.3d 794, 796-97 (Tex. Crim. App. 2006); *Jenkins v. State*, 495 S.W.3d 347, 350 (Tex. App.—Houston [14th Dist.] 2016, no pet.). A waiver of appeal prior to sentencing may be

4

valid if it is bargained for — that is, if the State gives some consideration for the waiver, even if a sentence is not agreed upon. *Jenkins*, 495 S.W.3d at 350; *see also Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009). On the other hand, a non-negotiated waiver of the right to appeal is valid only if the defendant with certainty knows the punishment that will be assessed. *See Washington v. State*, 363 S.W.3d 589, 589-90 (Tex. Crim. App. 2012) (per curiam); *Delaney*, 207 S.W.3d at 798-99.

To determine the validity of a waiver of a right to appeal and the terms of any agreement between appellant and the State, we consider the written plea documents and the formal record in light of general contract law principles. *See Jones v. State*, 488 S.W.3d 801, 805 (Tex. Crim. App. 2016); *Ex parte De Leon*, 400 S.W.3d 83, 89 (Tex. Crim. App. 2013).

Appellant signed a Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession in the evading arrest and felon in possession of a weapon cases, in which he confessed that the allegations against him are true. The documents state: "I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at WOAR [without agreed recommendation] and I agree to that recommendation. . . . I waive any right of appeal which I may have should the court accept the foregoing plea bargain agreement between myself and the prosecutor."

The Admonishments, Statements and Waiver of Defendant signed by appellant in both cases do not reference a specific plea bargain agreement. The Advice of Defendant's Right to Appeal signed by appellant in both cases only states: "If you waived or gave up your right to appeal, you cannot appeal your conviction." Appellant also signed the Trial Court's Certification of Defendant's Right of Appeal in the felon in possession of a weapon case but not in the evading arrest case. The

5

certifications have a checkmark next to the line stating: "the defendant has waived his right of appeal."

After the trial court signed judgments of conviction in the evading arrest and felon in possession of a weapon cases, the trial court signed two more certifications of defendant's right of appeal in both cases while appellant was in custody so the documents are not signed by appellant. The second certifications of January 13, 2017, have a mark next to the line stating: "is a plea-bargain case, and the defendant has NO right of appeal." The third certifications of July 14, 2017, have a checkmark next to the line stating: "is not a plea-bargain case, and the defendant has the right of appeal."

The State argues that, although there was no agreed sentence in this case, it gave consideration for appellant's waiver of his right to appeal because it "forfeited its right to jury sentencing in this case in exchange for an open plea that exposed appellant to the possibility of a deferred-adjudication community supervision sentence." The State cites to *Jones* and *Broadway* to support its argument and contends that *Broadway* is especially "similar to this case." But the State's alleged "forfeiture" of "its right to jury sentencing" does not amount to consideration that will validate a waiver unless that "forfeiture" is a benefit that the parties bargained for. *See Jenkins*, 495 S.W.3d at 351-52.

*Broadway* held that a defendant can "waive his entire appeal as part of a plea, even when sentencing is not agreed upon, where consideration is given by the State for that waiver." *Broadway*, 301 S.W.3d at 699. There, the record showed that the defendant wanted to waive his right to jury trial so the trial court could consider deferred adjudication community supervision. *Id*. at 698. The trial court found that the State did not want to consent to the defendant's waiver of a jury trial, but the defendant "induced the State to consent by waiving his right to appeal." *Id*.

6

Therefore, the defendant bargained for the State's consent, which provided consideration for the waiver of the defendant's right to appeal. *Id*. at 697-98.

Similarly, *Jones* held that the State's agreement to abandon an enhancement paragraph, thereby reducing the defendant's minimum sentence, provided consideration for the defendant's waiver of his right to appeal. *Jones*, 488 S.W.3d at 802, 807. Besides a document signed by the defendant waiving his right to a jury trial and right of appeal, the record contained a document signed by the prosecutor indicating the State's agreement to abandon the enhancement paragraph with the understanding that the defendant would plead guilty without an agreed sentencing recommendation. *Id*. at 807. The court concluded that the right of appeal may be waived in situations in which "the record indicates that the defendant agreed to waive both his right to a jury trial and his right of appeal in exchange for some benefit from the State—in this case, the State's abandonment of an enhancement—pursuant to a plea agreement" that does not include an agreement as to punishment. *Id*. at 808.

Conversely, *Delaney* held that a pre-sentencing waiver of the right to appeal was not voluntary, knowing, and intelligent when the waiver was not bargained-for and the punishment was uncertain at the time the waiver was signed. *Delaney*, 207 S.W.3d at 798-99. Even though the defendant in *Delaney*, as the defendant in *Broadway*, waived his right to a jury trial (presumably with the State's consent as required by article 1.13(a) of the Code of Criminal Procedure)[1] and sought deferred adjudication community supervision, the court concluded the appeal waiver was not bargained for and thus invalid. *See id*. at 796, 798.

Further, in *Washington*, the Court of Criminal Appeals held that the defendant's waiver was invalid because he waived his right to appeal before

---

[1] *See* Tex. Code Crim. Proc. Ann. art. 1.13(a) (Vernon Supp. 2017).

7

sentencing without an agreement on punishment and "the record does not confirm that the State gave any consideration for the [defendant]'s waiver." *Washington*, 363 S.W.3d at 589-90.

Applying these authorities, we examine whether the record here shows that the State provided appellant with a benefit as part of a bargained-for exchange, thereby forming a plea agreement and supplying consideration for appellant's waiver of his right to appeal. Contrary to the State's contention, we conclude that no bargain has been shown because the State did not provide any consideration for appellant's waiver.

The record does not contain any documents or statements from which we could conclude that there was a negotiated plea. The State also does not point to any agreement between appellant and the State regarding punishment. Even agreeing with the State that appellant benefitted from the State's decision to consent to the jury trial waiver and "forfeit[] its right to jury sentencing," which presumably would have allowed appellant to "seek community supervision from the trial judge," there is no evidence in the record that appellant and the State negotiated an agreement for appellant to obtain this benefit in exchange for waiving his right to appeal.

Unlike *Broadway*, there is no evidence that the State did not want to agree to a jury trial waiver but appellant induced it to "forfeit[]" its right to jury trial by waiving his right to appeal. And contrary to *Jones*, the documents in the record relating to appellant's plea do not indicate that the State's alleged "forfeiture" of a jury trial was the result of an agreement between the parties or that appellant was required to waive his right to appeal under an agreement.

Based on the record before us, we conclude that there is no evidence of a bargained-for waiver of a right to appeal. Nor can the State argue with any support in the record that appellant knew with certainty the punishment that would be

assessed at the time he entered his plea. Thus, any alleged waiver by appellant would not prevent this court from considering the merits of the appeal. *See Washington*, 363 S.W.3d at 589-90; *Delaney*, 207 S.W.3d at 798-800; *Jenkins*, 495 S.W.3d at 351-52 (holding that appellant's waiver of his right to appeal does not prevent court from considering the appeal because appellant did not know his punishment with certainty at the time he entered his plea and, although appellant benefitted from State's consent to jury trial waiver allowing him to seek deferred adjudication community supervision, there was no evidence that he negotiated an agreement with the State to obtain the benefit). Additionally, the Trial Court Certification of Defendant's Right of Appeal stating that the "case is not a plea-bargain case, and the defendant has the right of appeal" signed on July 14, 2017, in the evading arrest and felon in possession of a weapon cases appear to be correct certifications and supported by the record.[2]

Accordingly, we overrule the State's issue.

## II.    Plea Bargain Agreement

Appellant contends in his first issue that his convictions should be reversed because the "record reflects that the pleas rested on a plea agreement with the State that was not fulfilled and were thereby rendered involuntary." Appellant argues that his guilty pleas rested on an "agreement of two 2[-]year sentences," which the State breached.

Appellant acknowledges in his brief that he pleaded guilty without an agreed recommendation as to punishment. Yet, he claims that the record reflects that he had "an understanding that the Court would sentence him to 2 years T.D.C. in both cases, in exchange for guilty pleas to the Court without an Agreed

---

[2] *See infra* section II.

Recommendation." He further contends that "[t]his understanding is evidenced by the 'Plea Information' filed in each case on December 3, 2015."

Contrary to appellant's assertion, the record does not support appellant's argument that he entered into a plea bargain "agreement of two 2[-]year sentences" with the State.

Appellant's reliance on the "Plea Information" document as evidence of a plea bargain agreement for a two-year sentence is misplaced. The document does not contain any language from which we could conclude that the State obligated itself to a two-year punishment recommendation as consideration for appellant's guilty plea. The document states nothing more than: "Plea Information: WOAR 2 yrs TDC." There are no other statements or words in the document, such as "in exchange for," "in consideration for," "cap," or the like that might indicate an agreement for a two-year punishment recommendation in exchange for a guilty plea.

Further, nothing in any other of the documents contained in the record before us establishes a plea bargain agreement for a two-year sentence. The Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession in the evading arrest and felon in possession of a weapon cases states: "I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at WOAR [without agreed recommendation] and I agree to that recommendation." The plea papers clearly state "WOAR" and include no other conditions or statements.

The plea papers also include the following affirmation by the trial court: "This document was executed by the defendant, his attorney, and the attorney representing the State, and then filed with the papers of the case. The defendant then came before me and I approved the above and the defendant entered a plea of guilty. After I admonished the defendant of the consequences of his plea, I ascertained that he

10

entered it knowingly and voluntarily after discussing the case with his attorney. It appears that the defendant is mentally competent and the plea is free and voluntary."

Based on the record before us, we conclude that there is no plea bargain agreement between appellant and the State and, thus, no breach of a plea bargain agreement by the State as appellant alleges. We reject appellant's contention that his convictions should be reversed because his pleas rested upon a plea bargain agreement that the State breached.

Accordingly, we overrule appellant's first issue.

## III.    Motion to Withdraw Guilty Plea

Appellant contends in his second issue that the trial court abused its discretion by failing to grant his motions to withdraw his guilty pleas because the "record reflects the appellant understood that he would receive two 2[-]year sentences for his pleas of guilty, without an agreed recommendation, but instead received two 5[-]year sentences from the court." In that regard, appellant contends that the State violated the terms of a plea bargain agreement for a two-year punishment, and he was therefore entitled to withdraw his guilty pleas.

As we already have discussed, the record does not support appellant's contention that he and the State entered into a plea bargain agreement under which he agreed to plead guilty in exchange for the State's two-year punishment recommendation in the evading arrest and felon in possession of a weapon cases. Because there is no plea bargain agreement for a two-year punishment recommendation, there can be no violation of an agreement by the State. Thus, appellant's argument that he was entitled to withdraw his guilty pleas because the State violated a plea bargain agreement for a two-year punishment is without merit. We conclude that the trial court acted within its discretion in denying appellant's

11

motions to withdraw his guilty pleas.

Accordingly, we overrule appellant's second issue.

## IV. Sentence in Absentia

Appellant argues in his third issue that his convictions should be reversed because the trial court sentenced him in absentia "in violation of Texas Code of Criminal Procedure article 42.14, and he was harmed by the denial of due process."

Article 42.14 provides that the judgment and sentence may be rendered in the absence of the defendant in a felony case only if, among others, (1) the defendant is confined in a penal institution; (2) the defendant in writing (a) waives the right to be present at the rendering of the judgment and sentence or to have counsel present, (b) affirms that the defendant does not have anything to say as to why the sentence should not be pronounced, (c) states that the defendant has entered into a written plea agreement with the attorney representing the State in the prosecution of the case, and (d) requests the court to pronounce sentence in the case in accordance with the plea agreement; (3) the defendant and the attorney representing the State in the prosecution of the case have entered into a written plea agreement that is made a part of the record in the case; and (4) sentence is pronounced in accordance with the plea agreement. Tex. Code Crim. Proc. Ann. art. 42.14 (Vernon 2018).

Appellant contends that the trial court violated article 42.14 when it sentenced him in absentia because none of the requirements of article 42.14 are met in this case. But consistent with article 42.14, proceedings against a defendant may proceed to judgment in the defendant's absence pursuant to Texas Code of Criminal Procedure article 33.03 when the defendant voluntarily absents himself after pleading to the indictment or information. *See In re Hearon*, 228 S.W.3d 466, 467 (Tex. App.—Waco 2007, orig. proceeding) (per curiam).

12

Article 33.03 specifically provides that, in all prosecutions for felonies, the defendant must be personally present at trial, "provided, however, that in all cases, when the defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury, the trial may proceed to its conclusion. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial." Tex. Code Crim. Proc. Ann. art. 33.03 (Vernon 2006). Thus, if appellant voluntarily absented himself in this case, the trial court was authorized to assess his punishment in absentia pursuant to article 33.03. *See id.*; *Gonzales v. State*, 515 S.W.2d 920, 921 (Tex. Crim. App. 1974); *Papakostas v. State*, 145 S.W.3d 723, 725-26 (Tex. App.—Corpus Christi 2004, no pet.); *Duarte v. State*, No. 01-17-00575-CR, 2018 WL 1954155, at *3 (Tex. App.—Houston [1st Dist.] Apr. 26, 2018, no pet.) (mem. op., not designated for publication).

The trial court has the discretion to decide if a defendant's absence from court is voluntary. *See Moore, v. State*, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984); *Larez v. State*, No. 2-01-421-CR, 2003 WL 253614, at *1 (Tex. App.—Fort Worth Feb. 6, 2003, no pet.) (mem. op., not designated for publication); *Zavala v. State*, No. 01-96-00041-CR, 1997 WL 732497, at *2 (Tex. App.—Houston [1st Dist.] Nov. 20, 1997, pet. ref'd) (not designated for publication). The voluntariness of a defendant's absence is generally judged in hindsight on appeal and an appellate court will not disturb the trial court's finding that a defendant voluntarily absented himself from the trial court proceedings when the defendant fails to put on any evidence to refute that determination. *See Moore*, 670 S.W.2d at 261; *Kline v. State*, 737 S.W.2d 895, 900 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd); *Larez,* 2003 WL 253614, at *1.

13

Here, there is no question that appellant had notice of the sentencing hearing; he and his trial counsel signed the form setting the sentencing hearing date for January 14, 2016. There is no dispute that appellant did not appear for the scheduled sentencing on January 14, 2016. The trial court issued an alias capias on January 15, 2016, and assessed appellant's sentence in absentia on the same day at five years' confinement in the evading arrest and felon in possession of a weapon cases.

Appellant offers no evidence on appeal to explain his absence, nor did he move for a new trial and present any evidence explaining his absence at a hearing. Appellant's sole statement on appeal regarding his absence at the time the trial court assessed his sentence in absentia is that he was "out on bond." If some event prevented appellant's appearance at the scheduled sentencing, he could have presented evidence to explain his absence at a motion for new trial hearing. *See Moore*, 670 S.W.2d at 261; *Kline*, 737 S.W.2d at 900; *Zavala*, 1997 WL 732497, at *2-3. Appellant did not. We conclude that the trial court properly assessed appellant's sentence in absentia. *See Kline*, 737 S.W.2d at 900 (trial court's reading of the verdict was not improper when the defendant was absent during the punishment phase and the sole evidence before the court showed that the defendant checked out of her hotel room the morning after she was found guilty and no evidence on a motion for new trial was presented showing a lack of voluntariness on defendant's part for being absent); *Zavala*, 1997 WL 732497, at *2-3 (trial court properly assessed the defendant's sentence in absentia when "the record is silent as to the reason the appellant was absent" and he did not present evidence to explain his absence at a motion for new trial hearing).

Accordingly, we overrule appellant's third issue.[3]

---

[3] We note that, except for the general statement in the issue heading that "he was harmed by the denial of due process," appellant provides no discussion in his brief regarding a due process

## V.    Right to Counsel

Appellant argues in his fourth issue that his convictions should be reversed because he was denied his Sixth Amendment Right to counsel at sentencing, and he was harmed by this denial of due process. Appellant argues that sentencing is a "critical stage of the proceedings" and the trial court's formal pronouncement of his sentence on August 22, 2016, when his trial counsel was not present constituted a denial of counsel and was harmful.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to have counsel present at all critical stages of a criminal proceeding. *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009); *Gilley v. State*, 418 S.W.3d 114, 120 (Tex. Crim. App. 2014). Sentencing is a critical stage in a criminal proceeding during which substantial rights may be affected, and a sentence cannot stand if a defendant is totally deprived of the assistance of counsel at sentencing. *Venegas v. State*, No. 04-16-00541-CR, 2018 WL 1934244, at *13 (Tex. App.—San Antonio Apr. 25, 2018, no pet.); *see also Perez v. State*, 578 S.W.2d 753, 754 (Tex. Crim. App. 1979) (op. on reh'g).

If a defendant shows that he was deprived of counsel during a critical stage of a criminal proceeding, the error is reviewed to determine whether it was harmful. *Carnell v. State*, 535 S.W.3d 569, 572 (Tex. App.—Houston [1st Dist.] 2017, no pet.). If a defendant was deprived of counsel for all of the critical stage, then the deprivation is total and harm is presumed. *Id.* If a defendant was deprived of counsel for some but not all of the critical stage, then the deprivation was only partial and he must show harm. *Id.* A partial deprivation of the right to counsel is subject to the "harmless beyond reasonable doubt" standard. *Cooks v. State*, 240 S.W.3d 906, 911-

---

violation nor can we discern how appellant's contention differs from his argument concerning article 42.14 or why any analysis would yield a different result.

15

12 (Tex. Crim. App. 2007); *see Massingill v. State*, 8 S.W.3d 733, 737-38 (Tex. App.—Austin 1999, pet. ref'd). If the defendant can show harm, the proper remedy is to remand for a new sentencing hearing because the absence of counsel at sentencing does not invalidate the judgment of guilt. *Perez*, 578 S.W.2d at 754.

The record shows that appellant was represented by his trial counsel at the time the trial court assessed five-year sentences against him in absentia at the sentencing hearing on January 15, 2016. The record also shows that, although appellant's trial counsel was not present when the trial court formally pronounced appellant's sentences in his presence on August 22, 2016, the pronouncement was in accordance with the assessment the trial court made when appellant's trial counsel represented him on January 15, 2016. Therefore, appellant failed to show that he was deprived of counsel during the entire critical stage of sentencing. Because appellant's deprivation was only partial, appellant must show harm. *See Carnell*, 535 S.W.3d at 572; *see also Cooks*, 240 S.W.3d at 911-12.

We find instructive the analysis in *Venegas v. State*, 2018 WL 1934244, at *13-16, and *Gardiner v. State*, Nos. 09-16-00192-CR & 09-16-00196-CR, 2017 WL 2687476, at *1-2 (Tex. App.—Beaumont June 21, 2017, pet. ref'd) (mem. op., not designated for publication).

In *Venegas*, the defendant voluntarily absented himself during the guilt-innocence phase of trial; the trial proceeded in the defendant's absence and the jury found him guilty. 2018 WL 1934244, at *1. The defendant also did not appear for the punishment hearing, but he continued to be represented by his trial counsel. *Id.* At the conclusion of the punishment hearing, the trial court sentenced the defendant in absentia, and signed a judgment. *Id.* Over a month later, the defendant was arrested and brought before the trial court. *Id.* The trial court pronounced the defendant's sentence in his presence — but in the absence of counsel — in

accordance with the sentence earlier assessed in absentia. *Id.* The defendant complained on appeal about the "trial court's failure to provide [him] with counsel at the pronouncement of his sentence." *Id.* at *12. The court of appeals concluded that the defendant was partially deprived of counsel because he was represented by trial counsel during punishment and when his sentence was assessed in absentia, even though no counsel was present when his sentence was later pronounced in his presence. *Id.* at *13. The court also concluded that the defendant failed to show he was harmed by the partial deprivation of counsel because the sentence assessed in the presence of the defendant's trial counsel was identical to the sentence pronounced in the defendant's presence later. *Id.* at *15.

In *Gardiner*, the defendant's trial counsel was present when the defendant pleaded guilty without a plea agreement and when the trial court originally assessed his punishment. 2017 WL 2687476, at *1-2. The trial court recessed to allow the prosecutor to prepare written judgments but, when the trial court reconvened to formally sentence the defendant, his trial counsel was not present. *Id.* at *2. The trial court proceeded in trial counsel's absence. *Id.* The court of appeals concluded that the defendant was deprived of counsel for some, but not all, of the sentencing stage and was therefore required to show harm. *Id.* The court also concluded that the defendant failed to show harm "[b]ecause the sentences in the written judgments are identical to those orally pronounced by the court when [the defendant]'s attorney was present." *Id.*

Here, the sentences the trial court assessed in appellant's absence but in his trial counsel's presence on January 15, 2016, are the same sentences for five-year confinement in each case as the trial court formally pronounced in appellant's presence but in the absence of counsel on August 22, 2016, and as are in the written judgments. Additionally, appellant's only claimed harm is that the trial court "did

17

not follow the plea agreement of 2 two years sentences, but instead, sentenced the appellant to 2 five year sentences." We have already rejected appellant's contention that there was a plea bargain agreement between appellant and the State for a two-year punishment recommendation. Therefore, appellant's sole harm argument is not supported by the record before us. We conclude that appellant failed to show harm. *See Venegas*, 2018 WL 1934244, at *15; *Gardiner*, 2017 WL 2687476, at *2.

Accordingly, we overrule appellant's fourth issue.

## CONCLUSION

We affirm the trial court's judgments.


/s/    William Boyce
Justices


Panel consist of Justices Boyce, Jamison and Brown.
Publish — Tex. R. App. P. 47.2(b).