In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00106-CR
_____

**TYDARRIAN TERSHODD BAUL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 21-03-03599-CR**

**MEMORANDUM OPINION**

Appellant Tydarrian Tershodd Baul appeals his conviction for possession with intent to deliver/manufacture a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.112(a), (d). In his sole issue, Baul complains the trial court erred by finding he voluntarily absented himself from trial and proceeding with the guilt-innocence phase without his presence. For the reasons explained herein, we affirm the trial court's judgment.

1

# PROCEDURAL BACKGROUND

A grand jury indicted Baul for possession with intent to deliver/manufacture a controlled substance, and the indictment included an enhancement paragraph alleging Baul had a prior felony conviction. *See id.*; Tex. Penal Code Ann. § 12.42(c)(1). Prior to trial, Baul signed a Scheduling Order stating the defendant "**SHALL be present at ALL settings**" and "this case is set on **February 6, 2023** at **9:00 a.m.** for **JURY TRIAL**." The Scheduling Order also notes "**VOIR DIRE ON 02.03.23 @ 9:00AM.**" Baul was present on February 3 for voir dire, and defense counsel informed the trial court that Baul had rejected the State's plea offers and wanted to avoid a "full-blown, jury trial[,]" enter an open plea to the court on a punishment range of less than ten years, and have the State waive its right to a jury trial. The State explained that it had offered to proceed on a lesser charge, which would have provided the trial court the opportunity to place Baul on community supervision, but at that point, Baul was facing fifteen to life, the jury panel was present, and it would not waive its right to a jury. The State informed the trial court that it was willing to discuss a plea offer for a certain term of years. Baul explained that he rejected the State's five-year plea offer, which he understood was below the minimum punishment he was facing for the charged offense, and he wanted to plead open to the court.

The trial court allowed the parties to discuss a plea bargain, and Baul rejected the State's plea offer. Defense counsel explained that against his advice, Baul would only accept an offer that included probation. Following voir dire and swearing of the jury, defense counsel entered a plea of "not guilty[]" on Baul's behalf, and the trial court twice informed the jury it would proceed with trial on "Monday morning at 9:00 a.m." After excusing the jury, the trial court arraigned Baul and explained his punishment range, and Baul entered a plea of "[n]ot guilty."

When trial resumed the following Monday, February 6, Baul failed to appear, and defense counsel informed the trial court that Baul had not responded to his telephone calls or text messages. Defense counsel stated that he did not know where Baul was and requested a continuance to locate him. The State objected to a continuance and moved for bond forfeiture, stating the trial court properly arraigned Baul on Friday, it was ready to proceed with trial, and the bailiff had called Baul's name three times. The bailiff informed the trial court there had been "[n]o response for Baul." The trial court denied defense counsel's motion for continuance, forfeited Baul's bond, and found:

> [O]n Friday, Mr. Baul was present in the courtroom. He was properly arraigned outside the presence of the jury, also in front of the jury, after the jury being sworn, his counsel entered a plea of not guilty and the trial started and that was in response to the reading of the indictment, So, I'm finding that the defendant has voluntarily absented himself after pleading to the indictment; and therefore, the trial can proceed, denying your motion for continuance based on those grounds. Just for purposes

3

of the record, referring to Article 33.03 of the Code of Criminal Procedure.

*See* Tex. Code Crim. Proc. Ann. art. 33.03. The trial court also noted, outside the jury's presence, that a search "did not find any new, active warrants or cases and checked our local Montgomery jail roster along with Harris County jail roster and could not find . . . Baul, finding he has still voluntarily absented himself from the proceedings, which he has a right to do." The trial court proceeded with trial.

After the State rested, the trial court conducted a charging conference, during which the State advised the trial court he was unsuccessful in reaching Baul's girlfriend, who was listed on his bond paperwork, and Baul's bond person and the Department of Public Safety were actively searching for him. Defense counsel moved for a continuance, asking the trial court to allow him to secure Baul's presence at trial. The State objected, and the trial court denied the continuance.

The jury found Baul guilty of possession with the intent to deliver a controlled substance, and after the trial court released the jury, defense counsel made a third motion for continuance. The trial court denied the motion and proceeded with punishment. Defense counsel pleaded "not true" to the enhancement paragraph on Baul's behalf, and the State presented punishment evidence. Defense counsel made a fourth request for a continuance, asking the trial court to allow him to secure Baul's presence for punishment so he could provide testimony and an excuse for not being present at trial. The trial court granted a "short" four-day continuance.

4

When the trial court resumed the punishment phase on Friday, February 10, Baul failed to appear, and defense counsel explained he had tried to reach Baul. Defense counsel rested his punishment case, and the trial court found the enhancement to be true and assessed Baul's punishment at twenty-five years of confinement. After his arrest, Baul appeared at his sentencing hearing on April 4, 2023, and pleaded true to the enhancement paragraph, and the trial court sentenced Baul to twenty-five years of confinement. Baul failed to present any evidence explaining his absence from trial.

## ANALYSIS

In his sole issue, Baul complains the trial court erred by ruling that he voluntarily absented himself from trial and proceeding with the guilt-innocence phase without him. Baul argues there was no evidence of voluntariness presented during trial and that the trial court prevented him from confronting the witnesses against him. *See* U.S. CONST. amend. VI. The State argues Baul waived any confrontation argument and that the trial court did not abuse its discretion by finding Baul voluntarily absented himself from trial because there is no evidence contradicting the trial court's finding.

A defendant has a constitutional and statutory right to be present throughout his trial. *Illinois v. Allen*, 397 U.S. 337, 338 (1970); Tex. Code Crim. Proc. Ann. art. 33.03. That said, a trial court may proceed with trial to its conclusion when the

5

defendant "voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury . . . ." Tex. Code Crim. Proc. Ann. art. 33.03; *see also Taylor v. U.S.*, 414 U.S. 17, 18–19 (1973). A defendant may waive his constitutionally guaranteed confrontation right when he voluntarily absents himself from trial. *See Miller v. State*, 692 S.W.2d 88, 90 (Tex. Crim. App. 1985); *Staten v. State*, 328 S.W.3d 901, 905 (Tex. App.—Beaumont 2010, no pet.); *Wortham v. State*, 750 S.W.2d 326, 327 (Tex. App.—Beaumont 1988, no pet.); *see also Taylor*, 414 U.S. at 19–20. A trial court has discretion to determine whether a defendant voluntarily absented himself from proceedings. *See Moore v. State*, 670 S.W.2d 259, 260–61 (Tex. Crim. App. 1984). While article 33.03 does not require the trial court to weigh specific factors, it may consider "the likelihood that the trial can soon take place with the defendant present; the difficulty of rescheduling the trial; the burden on the Government in having to undertake two trials; and the inconvenience to the jurors." *Id.* "Absent evidence to the contrary, an appellate court will uphold a trial court's determination that a defendant voluntarily absented himself from the proceedings." *Venegas v. State*, 560 S.W.3d 337, 355 (Tex. App.—San Antonio 2018, no pet.). In reviewing the trial court's decision, we review the supporting evidence presented before and after the trial court's ruling. *See Moore*, 670 S.W.2d at 261 (explaining trial court's decision is most often determined in hindsight); *Eason v. State*, No. 09-05-383-CR, 2007 WL 1151818, at

\*2 (Tex. App.—Beaumont Apr. 18, 2007, no pet.) (mem. op., not designated for pub.).

To preserve error regarding his Confrontation Clause claim, a defendant must obtain a ruling on an objection, or absent a ruling, object to the trial court's refusal to rule. *Scott v. State*, 555 S.W.3d 116, 126–27 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd) (citing *Davis v. State*, 313 S.W.3d 317, 347 (Tex. Crim. App. 2010)); *see also* Tex. R. App. P. 33.1(a)(1)(A). Additionally, "[a] defendant's issue on appeal must comport with the specific objection made at trial." *Millican v. State*, No. 09-08-103-CR, 2008 WL 5263383, at \*2 (Tex. App.—Beaumont Dec. 17, 2008, no pet.) (mem. op., not designated for pub.) (citing *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002)). The record shows that on the four occasions defense counsel moved for a continuance, he never argued the trial court's ruling violated Baul's right to confrontation. We hold Baul waived his constitutional confrontation clause complaint by failing to object on that basis. *See* Tex. R. App. P. 33.1(a)(1)(A); *Davis*, 313 S.W.3d at 347 (noting Confrontation Clause claims require a timely and specific objection to preserve error); *Scott*, 555 S.W.3d at 126–27 (holding that where defense counsel failed to object, defendant who voluntarily absented himself from trial forfeited his Confrontation Clause claim); *Millican*, 2008 WL 5263383, at \*2.

We note the trial court cited article 33.03 as the statutory basis for its initial ruling that Baul voluntarily absented himself from trial, despite Baul's counsel never citing article 33.03 as a basis for any of the motions for continuance. That said, there is no evidence contradicting the trial court's determination that Baul voluntarily absented himself from trial. *See Venegas*, 560 S.W.3d at 355; *Eason*, 2007 WL 1151818, at *2. The record shows Baul signed a scheduling order indicating his trial was set for February 6, and Baul rejected the State's plea bargain offers and expressed a desire to not have a jury trial. He was present during voir dire, and after voir dire, the trial court informed the jury in Baul's presence, that trial would resume on February 6. When Baul failed to appear for trial on February 6, his counsel stated he could not locate Baul, and Baul failed to appear for the remainder of trial. When the trial court sentenced Baul, he failed to explain his absence, and Baul did not file a Motion for New Trial or supplement the record with any evidence explaining his absence.

Without any contrary evidence, we defer to the trial court's voluntariness determination in hindsight. *See Moore*, 670 S.W.2d at 261; *Venegas*, 560 S.W.3d at 355. Accordingly, based on this record, we conclude the trial court did not err by determining Baul voluntarily absented himself from trial. *See Gittens v. State*, 560 S.W.3d 725, 737–38 (Tex. App.—San Antonio 2018, pet. ref'd) (holding trial court did not err in determining defendant voluntarily absented himself from trial); *Simon*

*v. State*, 554 S.W.3d 257, 266 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (same); *see also Hooks v. State*, No.09-22-00139-CR, 2024 WL 351424, at *4 (Tex. App.—Beaumont 2024, no pet.) (mem. op., not designated for pub.). We overrule Baul's sole issue and affirm the trial court's judgment.

AFFIRMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on February 16, 2024
Opinion Delivered February 21, 2024
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.