**Affirmed and Memorandum Opinion filed August 20, 2024.**



In The

# Fourteenth Court of Appeals

NO. 14-23-00213-CR
NO. 14-23-00214-CR

**RONNIE JAMES MCDONALD, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 506th Judicial District Court
Waller County, Texas
Trial Court Cause Nos. 20-07-17396 & 20-07-17397**

## MEMORANDUM OPINION

A jury found appellant guilty of sexually assaulting and engaging in prohibited sexual conduct with his daughter. The trial court found enhancement allegations true and assessed in each cause a punishment of confinement for thirty-eight years to run concurrently. In a single issue, appellant contends that the trial court erred by finding that appellant had voluntarily absented himself after the jury was selected and during the guilt/innocence part of his trial. We affirm.

## I.     Legal Principles

A defendant in Texas has constitutional and statutory rights to be present during trial. *See* Tex. Code Crim. Proc. art. 33.03; *Miller v. State*, 692 S.W.2d 88, 90 (Tex. Crim. App. 1985). But these constitutional and statutory rights may be waived if a defendant voluntarily absents himself after the trial commences, or after the jury is selected, respectively. *See* Tex. Code Crim. Proc. art. 33.03; *Taylor v. United States*, 414 U.S. 17, 18–19 (1973); *Miller*, 692 S.W.2d at 90.

We review for an abuse of discretion a trial court's determination that a defendant has voluntarily absented himself. *Trotti v. State*, — S.W.3d —, No. 14-21-00536-CR, 2023 WL 5208815, at *2 (Tex. App.—Houston [14th Dist.] Aug. 15, 2023, pet. ref'd) (citing *Moore v. State*, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984)). A trial court abuses its discretion if the decision is arbitrary or unreasonable. *Id.* The voluntariness of a defendant's absence is generally judged in hindsight on appeal, and an appellate court will not disturb the trial court's finding if the defendant fails to adduce evidence refuting the trial court's finding. *Simon v. State*, 554 S.W.3d 257, 265 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

## II.    Proceedings

Appellant, who was released on bond, attended the first day of his trial, during which a jury was selected. Appellant had personally filed various motions, including motions to dismiss, to suppress, and to appoint new counsel. After hearing testimony from appellant, the trial court declined ruling on the motion to suppress at that time and denied the remainder. At the end of the first day, the court told everyone, "I will see y'all tomorrow morning, 9:30."

But the court didn't see appellant the following morning. The court

proceeded to take appellant's plea of not guilty through his counsel, swore in the jury, and gave them some instructions. Outside the presence of the jury, the court noted, "The record will reflect that it's now seven minutes after 10:00. The State and the defendant were requested to be present by 9:30 this morning and be prepared to proceed." The court noted that it had been "reported to the Court that the defendant, Mr. McDonald, is on his way."

When the court asked appellant's counsel for an update, counsel responded:

I first heard from Mr. McDonald at approximately 8 o'clock this morning, where he called me from an unknown number. He indicated that he was upset about what had occurred yesterday. And at that time indicated he would not be appearing for trial.

I explained to him that trial would proceed without his appearance. He then told me that he was going to leave and come to court, but that he would be running late. I have since had two phone calls with him and several missed calls, where he has not accepted my phone call.

He indicated the last time that I spoke to him that he'd be here at approximately 10:00 o'clock, 30 minutes late. It's now nine after 10:00, and the last attempt I had to call him, he did not answer.

So I have no understanding of where he is at this time.

The court announced it would "proceed with the presentation of evidence in his absence since it's his choice not to be here."

After several witnesses testified, the court again announced outside the jury's presence that appellant was not present at 10:53 a.m. Appellant's trial counsel had not received any update from appellant. The State moved to forfeit his bond. The court said, "Y'all look, see if he's—he happens to be standing out there. Call his name." The bailiff said there was no response. The court forfeited the bond and announced the issuance of a warrant.

After a recess, appellant's counsel announced he had been unable to reach

appellant as of 11:15 a.m., and because of counsel's "uncertainty as to why he is not present," counsel moved for a continuance. The court denied the continuance and proceeded to hear more testimony.

After the lunch break, counsel provided an update:

> Over the lunch hour, approximately 15 minutes ago, at 1:30, I was able to reach out to Mr. McDonald again. This time he did answer my phone call.
>
> As we initiated the conversation, Mr. McDonald indicated he had got in an argument with his ride and was walking down the road, but he didn't indicate to where. I inquired some more. He then further said that he had retained new counsel, indicated that Quanell X was actively looking at the matter, and that he wasn't likely to going to be there today.
>
> And he didn't know if he was going to make it tomorrow. I advised him that Court has continued—the trial has continued and that a FTA warrant has been issued. So that if he wanted to come and deal with that, it'd probably be more appropriate for him to show up for Court today.
>
> He then attacked me personally and indicated he probably wasn't going to make it.

The trial court responded that it was "his choice" and allowed the State to continue presenting evidence, including testimony from the complainant.

On the next morning, appellant again failed to appear for the trial. When the court asked counsel if he had heard anything from appellant, counsel responded that he had not.

The jury found appellant guilty. A few days later, the court held a punishment hearing. The court noted that appellant was present because he had been "taken into custody."

Appellant did not file a motion for new trial or otherwise adduce evidence regarding his absence from the trial.

4

## III.    Analysis

Appellant contends that the trial court abused its discretion by finding that appellant voluntarily absented himself from the trial because "[t]here is nothing in the record to indicate why appellant was absent from his trial."

However, the trial court heard that appellant had relayed to his counsel at 8:00 a.m. that appellant "would not be appearing for trial" because he was "upset about what had occurred" on the prior day. Although it seemed appellant might have changed his mind and would arrive late, he nonetheless did not show up for two consecutive days of the trial. Appellant repeatedly told his counsel that he would not attend the trial. Appellant's presence on the final day of the trial was compelled by his arrest.

Under these circumstances, the trial court's finding that appellant had voluntarily absented himself from the trial was not arbitrary or unreasonable. Appellant adduced no evidence contrary to the trial court's finding. The trial court did not abuse its discretion. *See, e.g.*, *Simon*, 554 S.W.3d at 266 (no abuse of discretion to proceed with trial after the defendant's failure to appear because the defendant could have, but did not, file a motion for new trial to adduce evidence about the reason for his absence).

Appellant contends further that the court should have recessed the trial as soon as appellant failed to appear and ordered the sheriff's office to arrest appellant and bring him to court. Appellant cites no analogous authority mandating or suggesting this procedure. Rather, the court acted within its discretion—indeed, within its statutory authority—by proceeding with the trial in appellant's absence. *See, e.g.*, Tex. Code Crim. Proc. art. 33.03; *Taylor*, 414 U.S. at 18–19; *Miller*, 692 S.W.2d at 90.

5

## IV. Conclusion

Appellant's sole issue is overruled.  The trial court's judgments are affirmed.

/s/     Ken Wise
                                    Justice

Panel consists of Justices Wise, Spain, and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b)