**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00015-CR**
_____

**ERIC MARTIN SEGREST JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the County Court at Law No. 2**
**Orange County, Texas**
**Trial Cause No. E113918**

_____

**MEMORANDUM OPINION**

Appellant Eric Martin Segrest Jr. ("Appellant" or "Segrest") was charged by information for the offense of assault-family violence, a class A misdemeanor, for "intentionally, knowingly or recklessly caus[ing] bodily injury to [P.M.,] a person with whom the defendant has or has had a dating relationship" by hitting her in the head with his hand. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b). Segrest pleaded not guilty, but a jury found him guilty as charged in the information. Segrest elected for the trial court to assess punishment.

1

At the punishment hearing, Segrest failed to appear, and his attorney advised the trial court that Segrest had "checked himself into Southeast Texas Medical Center where he is under watch at this time[]" for alleged mental health reasons. After hearing evidence on punishment, the trial court assessed punishment at one year in the Orange County Jail and assessed a fine of $4,000. In the Judgment and Sentence, the trial court wrote, in relevant part,

> On August 22, 2023, the Court convened for the punishment phase of the trial. The attorneys appeared but the Defendant did not appear for the punishment phase. The Court found that the Defendant was voluntarily absent from the hearing, and proceeded with the hearing on the issue of punishment despite his absence[].
> . . .
> [] 15 minutes before the punishment hearing scheduled for 9:00 a.m. on August 22, a representative from the Defendant's bonding company told the Court that he heard that the Defendant suffered a "panic attack" during the evening of August 21 and was taken to a mental health facility. When the attorney for the Defendant told the Court that he was given the same information by the complaining witness, the Court advised that either (1) such information was not true or, (2) if it was true, that the Defendant had himself checked into a facility to avoid court proceedings. The Court noted that he did not believe much of what the Defendant or the complaining witness had to say during the trial yesterday and that the jury's quick (one hour) verdict reflected that they did not believe them as well. At 9:07 a.m., the Court forfeited the Defendant's bond and went forward with the punishment phase without the Defendant.

On December 6, 2023, Segrest filed a Motion for New Trial and Motion to Modify Sentence. In his Motion, Segrest asked for a new trial, arguing he was not present for sentencing and he wanted to "explain to the court why h[e] was not at the sentencing and ask for a reduction in the sentencing or a new sentence[.]" On

December 8, 2023, Segrest filed a Motion for Leave of Court to File Motion for New Trial that repeated the arguments in his Motion for New Trial.

The trial court held a hearing on the Motion for New Trial on December 11, 2023. The State objected to the hearing, arguing that Segrest's Motion was untimely because he failed to file his Motion for New Trial within thirty days of sentencing. The trial court overruled the State's objection.

In the hearing, Segrest told the trial court that, after the jury found him guilty, he took his "whole 30-day prescription[]" of medication, he went to a bridge thinking he would "jump off and kill [him]self[,]" then he went to the emergency room, and he was admitted to "the behavioral center." Segrest testified that he was in the hospital for "a few hours." According to Segrest, upon release, he was picked up by the police for this case and taken to the Jefferson County Jail, where he stayed for about two weeks, when he was transferred to Orange County. When defense counsel questioned Segrest, the following exchange occurred:

> [Defense counsel]: Do you understand how the Court - - you know, do you understand that by you voluntarily taking those pills and voluntarily going to the bridge, that [your] failure to attend was based on voluntary actions?
>
> [Segrest]: Yes, absolutely.

At the conclusion of the hearing, the trial court told Segrest that, by law, Segrest did not have to be present for sentencing, and the trial court denied the Motion for New Trial. Segrest filed a Notice of Appeal on December 28, 2023. The

3

trial court certified Segrest's right to appeal on January 10, 2024, on which the trial court noted, "Defendant failed to appear for SENTENCING on 8-22-2023." This Court received Segrest's Notice of Appeal on January 10, 2024.

On January 19, 2024, this Court sent a letter to the parties stating that the notice of appeal was filed outside the time for which an extension of time may be granted, explaining that the appeal would be dismissed for lack of jurisdiction unless grounds were shown for continuing the appeal, and inviting the parties to file a response. In Appellant's response, he argued that the trial court did not pronounce his sentence until December 11, 2023, and that it is the oral pronouncement of sentence that sets the time for filing an appeal and his notice of appeal was timely. The State responded and argued that Segrest's appeal was untimely because the time to file a notice of appeal starts when the sentence was imposed and pronounced, which occurred both orally and in writing on August 22, 2023. Thereafter, the parties filed their merits briefs, and in a single issue, Appellant argues that the trial court erred when it allowed the State to play part of a video to refresh Segrest's memory in the jury's presence. In response, the State argues that Segrest failed to preserve error on his point of error.

Generally, a defendant's sentence must be pronounced orally in his presence. *See Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) (citing Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex.

Crim. App. 2002). However, the Texas Code of Criminal Procedure provides that "[i]n a misdemeanor case, the judgment and sentence may be rendered in the absence of the defendant." Tex. Code Crim. Proc. Ann. art. 42.14(a). Segrest was convicted of assault-family violence, which is a class A misdemeanor. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b).[1] Under article 42.14(a), the trial court did not have to pronounce the sentence in Segrest's presence. *See* Tex. Code Crim. Proc. Ann. art. 42.14(a); *see also State v. Leroy*, No. 05-04-00260-CR, 2005 Tex. App. LEXIS 1294, at *5 (Tex. App.—Dallas Feb. 17, 2005, pet. ref'd) (not designated for publication) ("Sentence in a misdemeanor case [] may be rendered in the defendant's absence.").

Further, a trial court has the authority to proceed with punishment when a defendant is absent voluntarily. *See* Tex. Code Crim. Proc. Ann. art. 33.03; *Papakostas v. State*, 145 S.W.3d 723, 724-25 (Tex. App.—Corpus Christi–Edinburg, 2004, no pet.). Here, the trial court made a finding that Segrest was voluntarily absent from the punishment hearing and sentencing. We defer to the trial court's determination of voluntariness where there is no contrary evidence. *See Baul v. State*, No. 09-23-00106-CR, 2024 Tex. App. LEXIS 1265, at *9 (Tex. App.—

---

[1] A first conviction for assault-family violence is treated like an ordinary bodily-injury assault as a class A misdemeanor, and any subsequent family-violence assault can be punished as a third-degree felony. *See* Tex. Penal Code Ann. § 22.01(b)(2)(A). This was Segrest's first conviction for assault.

Beaumont Feb. 21, 2024, no pet.) (mem. op., not designated for publication); *see also Simon v. State*, 554 S.W.3d 257, 265-66 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("[A]n appellate court will not disturb the trial court's finding that a defendant voluntarily absented himself from the trial court proceedings when the defendant fails to put on any evidence to refute that determination.").

When a defendant appeals from a conviction in a criminal case, the time to file a notice of appeal runs from the date sentence is imposed in open court. *See* Tex. R. App. P. 26.2(a). The record reflects that the trial court pronounced Segrest's sentence both orally and in writing on August 22, 2023. Segrest did not file his notice of appeal nor his motion for new trial within thirty days after the date on which the trial court imposed his sentence. *See* Tex. R. App. P. 21.4, 26.2(a). "Timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal." *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). "If a notice of appeal is not timely filed, the court of appeals has no option but to dismiss the appeal for lack of jurisdiction." *Id.* Accordingly, we dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f).

APPEAL DISMISSED.

LEANNE JOHNSON
Justice

Submitted on May 19, 2025
Opinion Delivered May 28, 2025
Do Not Publish

Before Johnson, Wright and Chambers, JJ.