Orlando Antwonie **HARRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–04–0505–CR.**

Court of Appeals of Texas, Amarillo.

Jan. 13, 2006.

L. Van Williamson, Amarillo, for Appellant.

Habon Y. Mohamed, Asst. Potter Co. Atty., Amarillo, for Appellee.

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

## MEMORANDUM OPINION

DON H. REAVIS, Justice.

Following a plea of not guilty, appellant Orlando Antwonie Harris was convicted by a jury of indecent exposure and assessed a $1,000 fine. The fine was suspended in favor of two years community supervision. Presenting two issues, appellant contends (1) the trial court's grant of community supervision was not authorized by law, and (2) because the grant of community supervision was unlawful, the sentence and underlying conviction are void. We affirm in part and reverse and render in part.

By his first issue, appellant claims suspension of the fine was not authorized by law because the relevant community supervision statutes do not allow for suspension of a fine only. In support of his argument, appellant directs us to article 42.12, section 4 of the Code of Criminal Procedure which provides that "[a] jury that imposes confinement as punishment

for an offense may recommend to the judge that the judge suspend the imposition of the sentence and place the defendant on community supervision." Tex. Code Crim. Proc. Ann. art. 42.12, § 4(a) (Vernon Supp.2005). Section 4 makes no mention of community supervision as an option in the absence of a sentence of confinement. Appellant also relies on *Ex parte McIver*, 586 S.W.2d 851 (Tex.Cr.App. 1979), wherein the Court examined the statutory authority behind a jury verdict sentencing the defendant to both a term of confinement and a fine, with only the fine being probated. After examining article 42.12, the Court concluded "the Legislature did not contemplate that fines would be probated." *Id.* at 855.

In the present case, citing section 4(a), the State concedes the jury lacked the statutory authority to recommend that the fine be suspended in the absence of a term of confinement. Considering the lack of statutory authority to the contrary, we agree and conclude the suspension of appellant's fine in favor of community supervision was unlawful. Appellant's first issue is sustained.

By his second issue, appellant argues that because the suspension of his fine was not authorized by law, both his sentence and underlying conviction are void. We disagree.

█ Generally, when a punishment is unauthorized by law, the sentence imposing the punishment is void. *E.g., Heath v. State*, 817 S.W.2d 335, 336 (Tex.Cr.App. 1991), *overruled on other grounds by Ex parte Williams*, 65 S.W.3d 656 (Tex.Cr. App.2001); *Coleman v. State*, 955 S.W.2d 360, 364 (Tex.App.-Amarillo 1997, no pet.). However, in *Ex parte Williams*, 65 S.W.3d 656, 657 (Tex.Cr.App.2001), the Court determined that "illegal sentences and unauthorized probation orders are two different things." In *Williams*, the defendant was convicted of aggravated assault and granted ten years probation despite the fact he was statutorily ineligible. *Id.* The Court ruled that the defendant's sentence was not void because the unauthorized probation order did not constitute an illegal sentence. The Court then explained that community supervision is separate and distinct from the sentence, and therefore, an unlawful grant of community supervision is not subject to the rules that govern unlawful sentences. *Id. See also Speth v. State*, 6 S.W.3d 530, 533 (Tex.Cr.App.1999) (defining community supervision as "an arrangement *in lieu of* the sentence, *not as part of* the sentence").

█ Similarly, we do not find appellant's conviction or sentence in the present case to be unlawful and void. Appellant cites no authority, statutory or otherwise, in which an unlawful grant of community supervision renders the underlying conviction void. Furthermore, the sentence of a $1,000 fine assessed by the jury is within the range of punishment prescribed by the applicable statute. *See* Tex. Pen.Code Ann. § 12.22(1) (Vernon 2003). It is the court's grant of community supervision that is unsupported by authority, and based on *Williams*, an unlawful grant of community supervision does not render appellant's sentence or conviction void. His second issue is overruled.

Accordingly, that part of the judgment suspending payment of the $1,000 fine in favor of two years community supervision is reversed and judgment is hereby rendered that appellant's punishment stands at a $1,000 fine; in all other respects, the judgment is affirmed. *See* Tex.R.App. P. 43.2.