**Opinion issued December 13, 2012.**



In The

# Court of Appeals
**For The**
# First District of Texas

_____

## NO. 01-12-00018-CR
_____

## IN RE JOSÉ ARMANDO CASAS, Relator

---

**Original Proceeding on Petition for Writ of Mandamus**

---

### MEMORANDUM OPINION

Relator José Armando Casas requests mandamus relief from the trial court's October 20, 2011 order. In that order, the trial court extended the period of community supervision to one additional year—the maximum allowed under the circumstances—in place of a two-year extension it had erroneously imposed by an

October 7, 2011 order. Casas contends that the trial court lacked jurisdiction to enter the October 20 order because the October 7 order was legally incorrect, and Casas's term of community service had otherwise expired before the trial court signed the October 20 order. Casas claims that the October 20 order operates as an illegal restraint on his liberty.[1] For the reasons that follow, we disagree and deny the requested relief.

## Background

In October 2009, Casas pleaded guilty to the misdemeanor offense of indecent exposure.[2] *See* TEX. PENAL CODE ANN. § 21.08 (West 2011). In accordance with Casas's agreement with the State, the trial court deferred adjudication, placed Casas on one year of community supervision, and assessed a $2000 fine, of which $1600 was probated. On September 15, 2010, the trial court signed an order extending the period of community supervision by another year. On October 7, 2011, four days before Casas's term of community supervision was due to expire, the trial court signed a "3rd Amended Conditions of Community Supervision, and noted that it was "[a]mended to extend probation two [2] years

---

[1] We dismissed Casas's separate appeal from this order for want of jurisdiction. *See Casas v. State*, No. 01-11-010550-CR, 2012 WL 1893748 (Tex. App.—Houston [1st Dist.] May 24, 2012, no pet.).

[2] Original proceeding from the County Criminal Court at Law No. 8, Harris County, Texas, Trial Court Case No. 1589399, The Honorable Jay Karahan, presiding.

2

due to Defendant's lack of progress in Sex Offender Treatment." As he had with the prior orders setting forth the conditions and amended conditions for community supervision, Casas appeared before the trial court and signed the October 7 order.

On October 20, 2011, Casas moved to set aside the October 7 modification of community supervision order and discharge him from community supervision. Citing article 42.12, section 22 of the Texas Code of Criminal Procedure, Casas contended that the trial court lacked the authority to extend the community supervision for two more years and, because the valid term of community supervision had already expired, the trial court lacked jurisdiction over his person. The trial court denied Casas's motion in part and ordered that "[t]he modification is to extend to a maximum [of] 3 (three) years, community supervision—extend only 1 year from Oct. 10, 2011."

## Discussion

### *Standard for Entitlement to Mandamus Relief*

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Ct. App.*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

*Deferred Adjudication*

Article 42, section 5 of the Texas Code of Criminal Procedure addresses community supervision in cases where the trial court has deferred adjudication. TEX. CODE CRIM. PROC. ANN. ART. 42.12, § 5(a). It provides that, in a misdemeanor case like this one, the initial period of community supervision may not exceed two years, "but the trial court may increase the maximum period of supervision in the manner provided by Section 22(c) or 22A of this article." *Id.* Section 22 allows the trial court to continue or modify community supervision if, after a hearing, the trial court determines that the defendant violated a condition of community supervision. TEX. CODE CRIM. PROC. ANN. § 22(a). Subsection (c) provides that "[t]he judge may extend a period of community supervision under this section as often as the judge determines is necessary, but . . . except as otherwise provided by this subsection, the period of community supervision in a misdemeanor case may not exceed three years." *Id.* § 22(c).

*Analysis*

Casas relies on the Court of Criminal Appeals' decisions in *Ex parte McCain*, 67 S.W.3d 204 (Tex. Crim. App. 2002), and *Ex parte Seidel*, 39 S.W.3d 221 (Tex. Crim. App. 2001), in contending that, because the trial court lacked any authority to extend his community supervision by two years, the trial court's

October 7 order is void. *McCain* and *Seidel*, however, are inapposite; they concern a conviction and a judgment of dismissal, respectively—not community supervision orders. *See McCain*, 67 S.W.3d at 210 n.16; *Seidel*, 39 S.W.3d at 224. "[I]mposition of a sentence is profoundly different from the granting of community supervision." *Speth v. State*, 6 S.W.3d 530, 532–33 (Tex. Crim. App. 1999); *see Harris v. State*, 185 S.W.3d 524, 525 (Tex. App.—Amarillo 2006, no pet.) (noting that, when law does not authorize punishment, sentence imposing that punishment is void, but community supervision "is separate and distinct from the sentence, and therefore, an unlawful grant of community supervision is not subject to the rules that govern unlawful sentences"). The law constrains the assessment of punishment; "[a]n award of community supervision," on the other hand, is not a right, but a contractual privilege, and conditions thereof are terms of the contract entered into between the trial court and the defendant." *Speth*, 6 S.W.3d at 534. "[C]onditions not objected to are affirmatively accepted as terms of the contract," so that a defendant waives the objectionable condition by failing to raise it first in the trial court. *See id.*

Casas did not waive his complaint, but he failed to alert the trial court to his objection when he signed the "Third Amended Conditions of Community Supervision." Casas's delay in moving to correct the probation term set by the

October 7 order until after the prior community supervision order expired did not deprive the court of jurisdiction to correct the objectionable condition. *Cf. Ex parte Williams*, 65 S.W.3d 656, 657–58 (Tex. Crim. App. 2001) (holding that trial court's order granting community supervision where defendant was statutorily ineligible for community supervision was not void or illegal). That order extends Casas's community supervision for an additional year, making a total of three years' community supervision—a length of time permitted under the statute.[3] *See Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977).

## Conclusion

We hold that he trial court continued to have jurisdiction over Casas when it signed the October 20 modification order. We further hold that the trial court did not subject Casas to an illegal restraint by signing the October 20 order. We deny Casas's request for mandamus relief.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[3] A trial court's order extending community supervision for an additional year constitutes a "modification of the conditions of community supervision." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 22(a)(2) (West Supp. 2012).