**Order issued April 13, 2017**



In The

# Court of Appeals

### For The

# First District of Texas

—————————————

## NO. 01-15-00519-CR

—————————————

## JARVIS LAMONT CARNELL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court at Law No. 10
Harris County, Texas
Trial Court Case No. 1933252**

---

### ORDER OF ABATEMENT

Jarvis Lamont Carnell was convicted of misdemeanor assault of a person with whom he had a dating relationship.[1] On the day Carnell was convicted and sentenced, the trial court permitted Carnell's court-appointed trial counsel to

---

[1]  *See* TEX. PENAL CODE § 22.01(a).

withdraw. The trial court did not, however, appoint substitute counsel until over ten months later—well after the deadline for filing a motion for new trial. In his first issue, Carnell contends that he was deprived of counsel during the critical period for filing a motion for new trial. He requests that we abate this appeal so he can file an out-of-time motion for new trial. We abate the appeal.

## Background

In December 2013, Carnell was charged with misdemeanor assault of a person with whom he had a dating relationship. A few months later, in March 2014, Carnell represented that he was indigent and requested the appointment of counsel. The trial court granted the request (without finding Carnell indigent) and appointed Mark Ash as Carnell's trial counsel.

Over a year later, on May 28, 2015, Carnell was tried and convicted by a jury. The trial court entered judgment in accordance with the jury's verdict and sentenced Carnell to 240 days' confinement in county jail.

Immediately after his sentencing, Carnell filed a three-in-one pleading. The pleading consisted of (1) Carnell's notice of appeal, (2) Ash's motion to withdraw, and (3) Carnell's motion to appoint appellate counsel. That same day, in a form order, the trial court found Carnell indigent for purposes of employing counsel for his appeal and paying for the record, granted Ash's motion to withdraw, and granted

Carnell's motion to appoint appellate counsel. The trial court did not, however, actually appoint a new attorney to represent Carnell on appeal.

After the trial court granted Ash's motion to withdraw, the trial court and this Court continued to send Ash notifications and identify him as Carnell's attorney of record. For example, in a letter dated June 3, 2015, the district clerk identified Ash as Carnell's "appeal attorney of record" and informed Ash of several "appeal updates." In a letter dated June 8, 2015, our clerk notified Ash and the prosecutor of the deadline for filing the clerk's record in Carnell's appeal. And in a July 14, 2015 postcard notice, our clerk informed Ash and the prosecutor that the clerk's record had been filed.

In response to the notifications identifying him as Carnell's attorney on appeal, on July 22, 2015, Ash filed a renewed motion to withdraw. In the motion, Ash explained that, although the trial court had granted his original motion to withdraw, the clerk's record still identified him as Carnell's counsel on appeal. Ash requested that the trial court permit him to withdraw completely and appoint new counsel to represent Carnell on appeal. That same day, the trial court granted trial counsel's renewed motion to withdraw. It did not, however, appoint new counsel to represent Carnell on appeal.

On March 30, 2016—over ten months after the trial court granted Ash's original motion to withdraw and nearly eight months after the trial court granted

3

Ash's renewed motion to withdraw—the trial court appointed a public defender to represent Carnell on appeal.

**Deprivation of Counsel**

In his first issue, Carnell argues that he was deprived of counsel during the period for filing a motion for new trial because the trial court permitted Ash to withdraw on the day the period began but did not appoint substitute counsel until months after the period ended.

The State responds that Carnell was not deprived of counsel during this period because Ash continued to represent Carnell after the trial court had granted his motion to withdraw. The State further responds that, assuming Carnell was deprived of counsel, the error was harmless because Carnell has failed to allege a "facially plausible claim" that he could have developed in a motion for new trial.

**A.    Applicable law**

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to have counsel present at all "critical" stages of his prosecution. *Montejo v. Louisiana*, 556 U.S. 778, 786, 129 S. Ct. 2079, 2085 (2009); *see* U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."). One such critical stage is the period for filing a motion for new trial. *Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007); *see* TEX. R. APP. P. 21.4(a) (defendant has thirty days after

trial court "imposes or suspends sentence in open court" to file motion for new trial). If a defendant is deprived of counsel during this stage of his prosecution, his constitutional rights are violated. *Cooks*, 240 S.W.3d at 911.

However, if the defendant was represented by counsel at trial, there is a rebuttable presumption that trial counsel continued to represent the defendant after trial, including during the critical motion-for-new-trial stage. *Id.* If the defendant was represented by counsel at trial and he does not file a motion for new trial, we assume it was because the defendant, with the benefit of counsel's continued representation, considered and rejected that option. *Id.* at 911 n.6; *Monakino v. State*, No. 01-14-00361-CR, 2016 WL 6087683, at *3 (Tex. App.—Houston [1st Dist.] Oct. 18, 2016, no pet.).

The defendant has the burden of presenting evidence to rebut the presumption of continued representation. *Green v. State*, 264 S.W.3d 63, 69 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). If the defendant rebuts this presumption and shows that he was deprived of counsel during a critical stage of his prosecution, the error is reviewed to determine whether it was harmful. *Cooks*, 240 S.W.3d at 911.

How the harm is analyzed depends on whether the defendant was deprived of counsel for all or only part of the critical stage. If the defendant was deprived of counsel for all of the critical stage, then the deprivation was total and harm is presumed. *Batiste v. State*, 888 S.W.2d 9, 14 (Tex. Crim. App. 1994) ("[W]ith some

varieties of Sixth Amendment violation, such as the actual or constructive denial of counsel altogether at a critical stage of the criminal proceeding, . . . prejudice is presumed."); *Prudhomme v. State*, 28 S.W.3d 114, 120 (Tex. App.—Texarkana 2000, order) (same).[2] But if the defendant was deprived of counsel for some but not all of the critical stage, then the deprivation was only partial and the defendant must show harm.[3] For example, when the defendant was deprived of counsel for part of

---

[2]    *See Sullivan v. Louisiana*, 508 U.S. 275, 279, 113 S. Ct. 2078, 2081 (1993) (noting that "total deprivation of the right to counsel" is constitutional error not "amenable to harmless-error analysis"); *United States v. Cronic*, 466 U.S. 648, 659 n.25, 104 S. Ct. 2039, 2047 n.25 (1984) ("The Court has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding."); *Woodward v. State*, 996 S.W.2d 925, 927 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) ("The Court acknowledged that certain circumstances are 'so likely to prejudice the accused' that it is not necessary to 'litigate' their effect, pointing to total absence of counsel, or denial of counsel at a critical stage of trial, as examples."); *Garcia v. State*, No. 01-10-00250-CR, 2012 WL 2923172, at *5 (Tex. App.—Houston [1st Dist.] July 12, 2012, no pet.) (mem. op., not designated for publication) ("Prejudice is presumed when . . . the accused is denied the presence of counsel at a critical stage of his trial . . . .").

[3]    Although some of the relevant case law includes language suggesting that a defendant who is deprived of counsel for all of a critical stage must show harm, these cases involved defendants who were represented by counsel for some but not all of the relevant critical stage of the prosecution. *See, e.g.*, *Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007) (defendant had to show harm when appointed appellate counsel represented defendant for last ten days of thirty-day period for filing motion for new trial); *Monakino v. State*, No. 01-14-00361-CR, 2016 WL 6087683, at *5 (Tex. App.—Houston [1st Dist.] Oct. 18, 2016, order) (defendant had to show harm when he was "technically still represented by counsel during the time period for filing a motion for new trial" but "effectively did not receive adequate representation during this time period"); *Trujillo v. State*, No. 01-14-00397-CR, 2015 WL 4549242, at *2 (Tex. App.—Houston [1st Dist.] July 28, 2015, pet. ref'd) (mem. op., not designated for publication) (defendant had to show

the period for filing a motion for new trial, and, as a result, failed to file a motion, he must show harm by alleging a "facially plausible" claim that he could have developed in a motion for new trial. *See Cooks*, 240 S.W.3d at 912; *Monakino*, 2016 WL 6087683, at *3.

If the deprivation was harmful, the proper remedy is to abate the appeal and remand the case to the trial court to allow the defendant to file an out-of-time motion for new trial. *See Ward v. State*, 740 S.W.2d 794, 800 (Tex. Crim. App. 1987); *Green*, 264 S.W.3d at 69; *Massingill v. State*, 8 S.W.3d 733, 738 (Tex. App.—Austin 1999, no pet.).

**B.      Carnell was deprived of counsel**

Carnell contends that he was deprived of counsel during the entire critical period for filing a motion for new trial. Although he was represented by counsel at trial, Carnell argues that he has rebutted the presumption of continued representation because the record shows that the trial court permitted his appointed trial counsel, Ash, to withdraw on the day the period for filing a motion for new trial began but did not appoint substitute counsel until months after the period had ended.

---

harm when she was represented by trial counsel for 28 days of 30-day period to file motion).

7

The period for Carnell to file a motion for new trial was from May 28, 2015 to June 29, 2015.[4] On May 28, 2015, the day the period began, the trial court granted Ash's motion to withdraw as Carnell's counsel. The trial court did not appoint substitute counsel at that time. On June 29, 2015, the day the period for filing a motion new trial ended, the trial court still had not appointed substitute counsel. It was not until March 30, 2016—nine months after the period had ended—that the trial court appointed an attorney to represent Carnell on appeal.

Even though the trial court granted Ash's motion to withdraw at the beginning of the period for filing a motion for new trial, the State contends that Ash continued to represent Carnell during this critical stage of the prosecution. The record shows that, after the trial court granted Ash's original motion to withdraw, Ash continued to receive court notifications that identified him as Carnell's attorney of record, which eventually prompted him to file a renewed motion to withdraw. According to the State, Ash's failure to object to continued representation in response to receiving the court notifications is evidence that Ash agreed to continue representing Carnell.

---

[4] Carnell was sentenced on May 28, triggering the thirty-day period for him to file a motion for new trial. TEX. R. APP. P. 21.4(a) (defendant has thirty days after trial court "imposes or suspends sentence in open court" to file motion for new trial). Thirty days from May 28 was Saturday, June 27. Therefore, Carnell had until that following Monday, June 29, to file a motion for new trial. TEX. R. APP. P. 4.1(a) (extending period to next day not a Saturday, Sunday, or legal holiday when last day of period falls on such day).

The State further contends that Ash's filing of the renewed motion—which sought the appointment of appellate counsel, a form of relief for Carnell—is evidence that Ash actually did continue representing Carnell. We disagree.

Ash's failure to make an immediate, formal objection after receiving the court notifications does not show that he continued to represent Carnell. Although the renewed motion sought a form of relief for Carnell, it cannot be fairly characterized as evidence that Ash continued to represent Carnell after the trial court granted his original motion to withdraw. At most, it is evidence that Ash realized that Carnell was not being represented by anybody and that he—as Carnell's former attorney and presumably the only person aware of the situation—should do something about it.

It is undisputed that Ash was permitted to withdraw on the day the period for filing a motion for new trial began. And it is undisputed that Carnell was not appointed substitute counsel until nine months after the period ended. On these undisputed facts, we hold that Carnell has rebutted the presumption of continued representation and has shown that he was deprived of counsel for the entire period for filing a motion for new trial. *See Massingill*, 8 S.W.3d at 735–36 (holding that defendant was deprived of counsel during motion-for-new-trial stage when trial counsel's "motion to withdraw was granted, but no substitute counsel was appointed at that time"). Because Carnell was deprived of counsel for the entire period, and not

9

just part of it, harm is presumed. *Batiste*, 888 S.W.2d at 14; *Prudhomme*, 28 S.W.3d at 120.

We therefore hold that Carnell is entitled to an abatement of this appeal to file a motion for new trial. We sustain Carnell's first issue.[5]

---

[5] Because we sustain Carnell's first issue, abate the proceeding, and restart the appellate timetable to allow Carnell the opportunity to file a motion for new trial, we need not address Carnell's other three issues, in which he contends that (1) the trial court's judgment erroneously states that he assaulted a "family member," (2) the trial court erred in omitting an extraneous-offense instruction from the punishment charge, and (3) the trial court erred in including the definition of "family" in the guilty-innocence charge. If the trial court grants Carnell's motion for new trial, the record will be supplemented with the trial court's order, and Carnell's appeal will be dismissed. *See Prudhomme v. State*, 28 S.W.3d 114, 121 (Tex. App.—Texarkana 2000, no pet.); *Massingill v. State*, 8 S.W.3d 733, 738–39 (Tex. App.—Austin 1999, no pet.). If the trial court overrules the motion, the record will be supplemented with the order and any reporter's record of a hearing on the motion, and the parties will be allowed to brief any issues relating to the overruled motion as well as the issues we do not reach in this abatement order. *See Prudhomme*, 28 S.W.3d at 121; *Massingill*, 8 S.W.3d at 739.

## Conclusion

We abate the proceedings, remand the case to the trial court, and restart the appellate timetable to allow Carnell the opportunity to file a motion for new trial. The timetable for filing a motion for new trial shall begin running on the date the district clerk receives this order.

Harvey Brown
Justice

Panel consists of Justices Massengale, Brown, and Huddle.

Publish.  TEX. R. APP. P. 47.2(b).