**Order issued November 20, 2018.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00462-CR

————————————

**FERNANDO GUERRERO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1493328**

---

## ORDER OF ABATEMENT

Appellant Fernando Guerrero was convicted of aggravated robbery and sentenced to twenty years' incarceration in the Texas Department of Criminal Justice – Institutional Division. In a single issue, Guerrero argues that the trial court erred by failing to appoint appellate counsel to represent him within the time for filing a

motion for new trial. Having determined that Guerrero was deprived of counsel for the entire thirty-day period for filing a motion for new trial, we abate the proceedings, remand the case to the trial court, and restart the appellate timetable to allow Guerrero the opportunity to file a motion for new trial.

**Background**

A jury convicted Guerrero of aggravated robbery on June 1, 2017. On June 6, 2017, the trial court sentenced Guerrero to twenty years' incarceration. That same day, Guerrero's appointed trial counsel filed (1) a notice of appeal, (2) a motion to withdraw as Guerrero's attorney, and (3) a request for appointment of appellate counsel for Guerrero. The trial court certified Guerrero's right to appeal and granted the motion to appoint appellate counsel that day. The docket sheet states that the trial court also granted trial counsel's motion to withdraw as Guerrero's attorney on June 6, 2017.[1] The district clerk's office generated a notice of assignment on June 16, 2017, stating that Guerrero had filed a notice of appeal on June 6, 2017, that the appeal was assigned to this Court, and that Guerrero's appellate attorney was "to be determined." No motion for new trial was filed in this case.

On November 14, 2017, this Court sent a notice of late brief to Guerrero's trial counsel but received no response. On December 5, 2017, this Court (1) abated

---

[1] The trial court did not check the box indicating that it was granting trial counsel's motion to withdraw.

Guerrero's appeal, (2) remanded the case to the trial court, (3) directed the trial court to determine appointed trial counsel's motion to withdraw, and (4) directed the trial court to appoint appellate counsel if the motion to withdraw was granted. On December 7, 2017, the trial court found Guerrero was indigent and appointed an attorney with the Harris County Public Defender's Office to represent him on appeal. On March 21, 2018, Guerrero's appellate counsel filed a motion to abate proceedings to file an out-of-time motion for new trial. This Court denied the motion to abate on May 10, 2018.

## Deprivation of Counsel

In his sole issue on appeal, Guerrero contends he should be allowed to file an out-of-time motion for new trial because he was denied counsel during the entire thirty-day period during which time he could have filed such a motion.

## A.    Standard of Review and Applicable Law

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to have counsel present at all "critical" stages of his prosecution. *Montejo v. Louisiana*, 556 U.S. 778, 786, 129 S. Ct. 2079, 2085 (2009); *Carnell v. State*, 535 S.W.3d 569, 571 (Tex. App.—Houston [1st Dist.] 2017, no pet.). The thirty-day period a criminal defendant has to file a motion for new trial is one such critical stage. *See Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007); TEX. R. APP. P. 21.4.

When counsel represents a defendant during trial, there is a rebuttable presumption that trial counsel "continued to adequately represent the defendant during this critical [motion-for-new-trial] stage." *Cooks*, 240 S.W.3d at 911. Similarly, when a motion for new trial is not filed on behalf of a defendant, there is a rebuttable presumption that a decision was made by the defendant, with the assistance of counsel, not to file the motion for new trial. *See id.* at 911 n.6. The defendant may rebut these presumptions on appeal by showing that his trial counsel believed that the representation had ended. *See id.* at 911 (stating defendant rebutted presumption that appointed trial counsel continued to adequately represent him by showing trial counsel believed that representation had ended).

In *Carnell*, this court held that the defendant had "rebutted the presumption of continued representation and ha[d] shown that he was deprived of counsel for the entire period for filing a motion for new trial," based on the undisputed facts that (1) the defendant's trial attorney was permitted to withdraw on the day the period for filing a motion for new trial began and (2) the trial court did not appoint appellate counsel until six months after that period ended. *Carnell*, 535 S.W.3d at 574.

A defendant who rebuts the presumption of continued representation is ordinarily entitled to relief only if he was harmed by the denial of counsel. However, in *Strickland v. Washington*, the United States Supreme Court recognized that in "certain Sixth Amendment contexts, prejudice is presumed. Actual or constructive

denial of the assistance of counsel altogether is legally presumed to result in prejudice." 466 U.S. 668, 692, 104 S. Ct. 2052, 2067 (1984) (citing *United States v. Cronic*, 466 U.S. 648, 659, & n.25, 104 S. Ct. 2039, 2046–47, & n.25 (1984)); *see also Batiste v. State*, 888 S.W.2d 9, 14 (Tex. Crim. App. 1994) (stating that *Strickland* Court "acknowledged that with some varieties of Sixth Amendment violations, such as the actual or constructive denial of counsel altogether at a critical stage of the criminal proceeding, . . . prejudice is presumed"). Thus, an appellate court's analysis of harm resulting from a defendant's deprivation of counsel depends on whether the defendant was deprived of counsel for some or all of the thirty-day period for filing a motion for new trial. *See Carnell*, 535 S.W.3d at 572 (citing *Batiste*, 888 S.W.2d at 14).

If "the defendant was deprived of counsel for some but not all of the critical stage, then the deprivation was only partial and the defendant must show harm." *Carnell*, 535 S.W.3d at 572. To prove harm resulting from the partial denial of counsel during this critical stage, the defendant must demonstrate a facially plausible claim that could have been presented in a motion for new trial, but was not due to ineffective assistance of counsel. *See Cooks*, 240 S.W.3d at 912. If, however, the defendant is "deprived of counsel for the entire [thirty-day] period [in which to file a motion for new trial], and not just part of it, harm is presumed." *Carnell*, 535 S.W.3d at 574 (citing *Batiste*, 888 S.W.2d at 14).

5

**B.      Analysis**

In this case, Guerrero's deadline to file a motion for new trial began on June 6, 2017, the day he was sentenced, and ended thirty days later on July 6, 2017. *See* TEX. R. APP. P. 21.4. It is undisputed that, despite certifying Guerrero's right to appeal, finding him indigent, and allowing his appointed trial counsel to withdraw on June 6, 2017, the trial court did not appoint appellate counsel to represent Guerrero until six months later in December 2017. The State does not dispute Guerrero's contention that he was deprived of counsel for the entire thirty-day period to file a motion for new trial. Rather, the State concedes that Guerrero was denied counsel during this critical period but argues that the error was harmless.[2] Based on this undisputed evidence, which is supported by the appellate record, we conclude that Guerrero has rebutted the presumption of continued representation and shown that he was deprived of counsel for the entire period for filing a motion for new trial. *See Carnell*, 535 S.W.3d at 574. As we discussed in *Carnell*, harm is presumed under such circumstances. *See id.*

---

[2]      On pages 5 and 6 of its appellate brief, the State argues:

> There is a presumption that a defendant was adequately represented by trial counsel during the 30 days in which to file a motion for new trial. . .That presumption may be rebutted by the record. . .Here, trial counsel withdrew on June 06, 2017, and, although it found the Appellant indigent, the trial court did not appoint appellate counsel until December 07, 2017. Appellant was not represented by counsel during the thirty-day period in which he could file a motion for new trial. Therefore, Appellant is correct that he was denied counsel during that critical stage.

6

Accordingly, we hold that Guerrero is entitled to an abatement of this appeal to allow him to file a motion for new trial. We sustain Guerrero's sole issue.[3]

**Conclusion**

We abate the proceedings, remand the case to the trial court, and restart the appellate timetable to allow Guerrero the opportunity to file a motion for new trial. The timetable for filing a motion for new trial shall begin running on the date the district clerk receives this order. *See Carnell*, 535 S.W.3d at 574.

Russell Lloyd
Justice

Panel consists of Justices Higley, Lloyd, and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[3] If the trial court grants Guerrero's motion for new trial, the record will be supplemented with the trial court's order, and Guerrero's appeal will be dismissed. *See Carnell v. State*, 535 S.W.3d 569, 574, n.5 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (citations omitted). If the trial court overrules the motion, the record will be supplemented with the order and any reporter's record of a hearing on the motion, and the parties will be allowed to brief any issues relating to the overruled motion. *Id.* (citations omitted).