COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ABATEMENT ORDER

Appellate case name:      Timothy Knight v. The State of Texas

Appellate case number:   01-19-00360-CR

Trial court case number:  1487608

Trial court:                       178th District Court of Harris County

Appellant, Timothy Knight, appeals from his conviction for the offense of indecency with a child. The judgment of conviction was signed on April 30, 2019. Appointed trial counsel, Mark G. Lipkin, filed a notice of appeal and moved to withdraw on April 30, 2019, the same day judgment was entered. In this same document, appellant asked for appointment of appellate counsel and for a free record.

The trial court conducted a hearing on April 30, 2019 and determined that appellant was indigent for the purpose of employing counsel and paying for the record. Accordingly, on April 30, 2019, the trial court granted trial counsel's motion to withdraw, and stated that counsel was appointed on appeal and ordered the court reporter to file a reporter's record at no charge to appellant. Although the trial court stated that it was appointing counsel on appeal, no appellate counsel was named. The clerk's record filed on July 1, 2019 contains no document appointing any named appellate counsel.

Appointed appellate counsel, Mark Hochglaube, filed a motion to abate in this Court, attaching a document appointing him as appellant's appellate counsel on July 8, 2019. Thus, appellant was without counsel from April 30, 2019 until July 8, 2019. Appellate counsel asks that we abate the appeal and remand pursuant to *Carnell v. State*, 535 S.W.3d 569 (Tex. App.— Houston [1st Dist.] 2017, published order).

The time for filing a motion for new trial is no later than thirty days after the trial court imposes sentence. *See* TEX. R. APP. P. 21.3(a). No motion for new trial was filed in this case. Appellate counsel contends that appellant was without counsel during the critical period for filing a motion for new trial.

"The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to have counsel present at all 'critical' stages of his prosecution." *Carnell*, 535 S.W.3d at 571 (citing *Montejo v. La.*, 556 U.S. 778, 786 (2009). The time for filing a motion for new trial is one such critical stage, and if the defendant is deprived of counsel during the time for filing a motion for new trial, his constitutional rights are violated. *See Cooks v. State*, 240 S.W.3d 906,

911 (Tex. Crim. App. 2007). Although there is a rebuttable presumption that trial counsel continued to represent the defendant after trial, if the defendant rebuts this presumption with evidence, defendant demonstrates harmful error. *See id.* at 911 n.6. Here, appellant presented proof that his appointed trial counsel's motion to withdraw was granted on the day judgment was entered, and that no appellate counsel was appointed until July 8, 2019. Thus, appellant has rebutted the presumption of continued representation.

We **grant** appellant's motion, **abate** the appeal, and **remand** the case to the trial court and **restart** the appellate timetable to allow appellant the opportunity to file a motion for new trial. The time period for filing a motion for new trial shall begin running on the date the district clerk receives this order.

It is so ORDERED.

Judge's signature: ____Justice Richard Hightower_____
☑ Acting individually ☐ Acting for the Court


Date: __September 12, 2019_____