**Opinion issued March 31, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00360-CR

———————————

**TIMOTHY KNIGHT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1487608**

---

## MEMORANDUM OPINION

Appellant Timothy Knight attempts to appeal from a judgment of conviction entered on April 30, 2019. In September 2019, this Court abated the appeal and remanded to the trial court pursuant to *Carnell v. State*, 535 S.W.3d 569 (Tex.

App.—Houston [1st Dist.] 2017, published order)[1] to permit appellant to file an out-of-time motion for new trial. On March 5, 2020, this Court issued an order requesting an update from appellant concerning the status of the proceedings below. Soon thereafter, appellant's counsel filed a notice that the trial court had granted appellant's motion for new trial on November 26, 2019.

Generally, an appellate court only has jurisdiction to review a final judgment of conviction. *See Workman v. State*, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961); *Means v. State*, 825 S.W.2d 260, 260 (Tex. App.—Houston [1st Dist.] 1992, no pet.). When the trial court grants a new trial, there is no longer an appealable final conviction. *See* TEX. R. APP. P. 21.9(b) ("Granting a new trial restores the case to its position before the former trial . . . .").

Because there is no longer an appealable judgment of conviction, we have no jurisdiction over this appeal and can take no action other than to dismiss the appeal. *See Collier v. State*, No. 14–13–00096–CR, 2013 WL 1197896, at *1 (Tex. App.—Houston [14th Dist.] Mar. 26, 2013, no pet.) (dismissing appeal for lack of jurisdiction when no final judgment existed after motion for new trial was granted).

---

[1] As in the *Carnell* case, appellant established that he had been without counsel during the critical period for filing a motion for new trial. *See Carnell*, 535 S.W.3d at 573–74. Appellant further presented proof that rebutted the presumption that trial counsel continued to represent him after the judgment of conviction was entered. *See id.* at 574.

We dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Lloyd, and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).