**Order entered September 29, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

## No. 05-19-01282-CR

### MARQUIS K. JONES, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F15-54782-T**

## ORDER

Following a hearing, appellant's community supervision was revoked, and he was adjudicated guilty of possession with intent to manufacture and/or deliver heroin in an amount of more than four grams but less than 200 grams. The judgment, entered on September 13, 2019, reflects that appellant was sentenced to twenty years in prison.

Appellant filed a pro se notice of appeal that we determined was timely. We abated the appeal for the trial court to determine if appellant was entitled to court-

appointed counsel, and if so, to appoint such counsel. Counsel was appointed on December 9, 2019.

In his sole issue, appellant contends that he was denied his right to counsel under the Sixth Amendment during the critical 30-day period for filing a motion for new trial and requests an abatement so he can file an out-of-time motion for new trial.

## I. ANALYSIS

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to have counsel present at all "critical" stages of his criminal proceedings. *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009) (citing *United States v. Wade*, 388 U.S. 218, 227–228 (1967), and *Powell v. Alabama*, 287 U.S. 45, 57 (1932)); *see* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."). One such critical stage is the 30-day period for filing a motion for new trial. *Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007); *see* TEX. R. APP. P. 21.4(a) (defendant has 30 days after trial court "imposes or suspends sentence in open court" to file motion for new trial). If a defendant is deprived of counsel during this stage of his prosecution, then the defendant's constitutional rights are violated. *Cooks*, 240 S.W.3d at 911.

Giving appellant the benefit of any doubt, we conclude appellant has rebutted the presumption of continued representation and shown that he was deprived of counsel for the entire period for filing a motion for new trial. *See Carnell v. State*, 535 S.W.3d 569, 572. (Tex. App.—Houston [1st Dist. 2017, no pet.). Because appellant was deprived of counsel for the entire period, we presume that he was harmed.[1] *See id.* We therefore hold that appellant is entitled to an abatement of this appeal to file a motion for new trial. *See id.* at 373–74 & n.5.

## II. CONCLUSION

Having sustained appellant's issue, we do not render judgment or order the clerk to issue a mandate at this time, but rather by this order, remand the case to the trial court for the limited purpose of allowing (1) appellant the opportunity to file and present a motion for new trial, (2) the trial court the opportunity to rule on such a motion, and (3) the trial court clerk and court reporter to supplement the appellate record. *See* TEX. R. APP. P. 43.6, 44.4; *Carnell*, 535 S.W.3d at 573–74 & n.5. Specifically, we remand the case to the trial court at the point where appellant's sentence was imposed; the 30-day timetable for any motion for new trial shall begin running anew on the date this order is received by the trial court. *See* TEX. R. APP. P. 21.4(a), *Carnell*, 535 S.W.3d at 573–74 & n.5.

---

[1] Because we presume harm, we need not address appellant's alternative argument that there are facially plausible issues to be raised in a motion for new trial. *See* TEX. R. APP. P. 47.1.

If appellant files a motion for new trial and the trial court overrules or grants any motion for new trial or if the motion is deemed denied as a matter of law, then, within **THIRTY DAYS** of the date the motion is denied (by written order or by operation of law), (1) the district clerk is **ORDERED** to file a supplemental clerk's record containing appellant's motion for new trial and any written order, and (2) the court reporter is **ORDERED** to file a supplemental reporter's record of the hearing, if any, on the motion for new trial. *See* TEX. R. APP. P. 21.8, 33.1, 34.5(c), 34.6(d); *Carnell*, 535 S.W.3d at 574 n.5. If appellant fails to file a motion for new trial within **THIRTY DAYS** of the date the trial court receives this order, the trial court shall notify this Court of that fact.

We further **ORDER** the trial court to send written verification to Court confirming the date of receipt of this order. *Cf.* TEX. R. APP. P. 51.2(a)(1).

We **DIRECT** the Clerk to send copies of this order to the Honorable Lela D. Mays, Presiding Judge, 283rd Judicial District Court; to Vearneas Faggett, official court reporter, 283rd Judicial District Court; to Felicia Pitre, Dallas County District Clerk; Catherine Bernhard; and the Dallas County District Attorney's Office, Appellate Division.

We **ABATE** this appeal for the trial court to comply with the Court's order. The appeal will be reinstated after the supplemental clerk's record and

supplemental reporter's record, if any, are filed or when the Court deems it necessary or appropriate to do so.

/s/    BILL WHITEHILL
         JUSTICE