**Order issued January 26, 2021**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-19-01017-CR**
**NO. 01-19-01018-CR**

———————————

**MINERVA RODRIGUEZ TRISTAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Court at Law No. 7**
**Harris County, Texas**
**Trial Court Case Nos. 2243064 & 2243065**

---

### ORDER OF ABATEMENT

A jury convicted appellant, Minerva Rodriguez Tristan, of cruelty to non-livestock animals[1] and assessed her punishment at a $150 fine on each charge. In

---

[1]  *See* TEX. PENAL CODE § 42.092(b), (c).

accordance with the jury's recommendation, the trial court suspended appellant's sentence, placing her on community supervision for eight months. In two issues on appeal, appellant contends that (1) the sentence assessed was unauthorized and (2) the evidence was legally insufficient to support her convictions. We abate the appeal because appellant was deprived of counsel during the period for filing a motion for new trial.

## BACKGROUND

On March 20, 2018, Animal Enforcement Officer ("AEO") T. Thomason of the City of Houston Bureau of Animal Regulation and Care ("BARC") responded to a call from the Pines at Long Point Apartments claiming that two dogs had been abandoned in an apartment there. Once at the apartment, Thomason saw two dogs inside sitting near a window. She photographed the dogs and posted a notice on the door giving the owner of the dogs 24 hours to remove them or to call BARC and inform it that the dogs were not abandoned. If the owner of the dogs did neither, BARC would remove the dogs.

On March 24, AEO C. Lavergne returned to the apartment complex, and the dogs were still in the apartment. The apartment manager let Lavergne in the apartment, which had been vacated by the tenant, and showed him where the dogs were being temporarily kept in a closet. Lavergne seized both dogs and posted a notice on the door informing the owner where they could be retrieved.

The apartment manager identified appellant as the previous tenant of the apartment and told BARC officers that appellant had moved out of the apartment on March 17, 2018, leaving behind the two dogs, as well as two cats.[2]

After the Houston Police Department investigated why appellant left the dogs at the apartment, the State brought two charges of animal cruelty of a non-livestock animal, a class A misdemeanor, against appellant. *See* TEX. PENAL CODE § 42.092(b), (c).

A jury convicted appellant on both charges and assessed her punishment at a $150 fine on each charge. After the jury recommended that appellant receive community supervision, the trial court suspended her fines and placed her on community supervision for a period of eight months.

## UNAUTHORIZED COMMUNITY SUPERVISON

In her first issue, appellant contends that the trial court's granting of community supervision in lieu of a "fine only" sentence was unauthorized by statute and requests that we reform the judgment to correct this defect. The State acknowledges that a "fine only" sentence cannot be suspended,[3] but argues that

---

[2] Appellant was not charged with abandoning the two cats because they escaped when the door to the apartment was opened.

[3] *See Harris v State*, 185 S.W.3d 524, 525 (Tex. App.—Amarillo 2006, no pet.); *see also* TEX. CODE CRIM. PROC. art. 42A.055(a) ("A jury that imposes *confinement* as punishment for an offense may recommend to the judge that the judge suspend the

because appellant waived this objection, we cannot reform the judgment. Thus, the first issues we must decide are (1) whether a defendant must object to an illegal granting of community supervision, and, if required, (2) whether appellant did so.

*Must a defendant object to an illegal grant of community supervision?*

Appellant, relying on *Harris v. State*, 185 S.W.3d 524, 525 (Tex. App.—Amarillo 2006, no pet.), argues that we can and should reform the judgment. In *Harris*, the appellate court found that there was no statutory authority to suspend a "fine only" sentence, but also found that the judgment was not void because the unauthorized probation was not a part of the sentence. *Id.* at 525. Then, without discussing error preservation, the court held that "that part of the judgment suspending [the fine-only sentence] in favor of two years community supervision is reversed and judgment is hereby rendered that appellant's punishment stands at a $1,000 fine[.]" *Id.* Because *Harris* did not consider the issue of error preservation, it is not authority supporting appellant's position that no objection was necessary.

In *Marin v. State*, the Texas Court of Criminal Appeals described the Texas criminal adjudicatory system as containing error-preservation rules of three distinct kinds: (1) absolute requirements and prohibitions; (2) rights of litigants that must

---

imposition of the sentence and place the defendant on community supervision.") (emphasis added).

4

be implemented by the system unless expressly waived, and (3) rights of litigants that are to be implemented upon request. 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). The rights in the first two categories "cannot be made subject to rules of procedural default because, by definition, they are not forfeitable." *Id.* Thus, the issue we must decide is whether an unauthorized granting of community supervision falls in the third *Marin* category. A recent case from the Texas Court of Criminal Appeals compels the conclusion that it does.

In *Burg v. State*, the court was called upon to decide whether an unauthorized driver's license suspension required an objection at trial, i.e., whether it fell into the third category of the *Marin* error-preservation rules. 592 S.W.3d 444, 448–49 (Tex. Crim. App. 2020). The court began by noting that "the right to be sentenced legally is an absolute or waivable-only right" and can be raised for the first time on appeal. *Id.* at 449 (citing *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003)). But, the court concluded that, because an unauthorized driver's license suspension, even if in the judgment, was not a punishment or illegal sentence, a trial objection was required and the issue could not be raised for the first time on appeal. *Id.* at 452. "Since [Burg's] complaint cannot be characterized as a complaint about an illegal sentence it does not fall under the [] jurisprudence excepting 'illegal sentence' claims from [the rule requiring error preservation]." *Id.*

5

The Texas Court of Criminal Appeals has stated that "illegal sentences and unauthorized probation orders are two different things." *Ex parte Williams*, 65 S.W.3d 656, 657 (Tex. Crim. App. 2001). "Community supervision is not a sentence or even a part of a sentence." *Id.* (citing *Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999)). As such, "the illegal granting of community supervision should not be governed by a rule which applies to illegal sentences." *Id.* Like the unauthorized license suspension in *Burg*, the unauthorized granting of community supervision is not an "illegal sentence," thus a trial objection to its imposition was required. *See Burg*, 592 S.W.3d at 452.

*Did appellant preserve error?*

Appellant concedes that she did not object to the granting of community supervision. In fact, the record shows that *appellant* requested community supervision.[4] Because appellant made no objection to the granting of community

---

[4] The record shows that, after the jury recommended that the fines be suspended, the trial court consulted with both counsels, and commented:

> Okay. So we have a scenario where a jury came back with a verdict. They came back with a verdict. They came back with a verdict recommending community supervision with a fine on each case of $150. Normally, when we do this even at the table, we have a jail time or some type of fine significantly higher than $150 on that. So my question is: What terms and conditions are you asking for on both sides so that way we can sentence [appellant], and she can appeal or do whatever she needs to do, either probation whatever it is, so we can close this case out.

6

supervision—and, indeed requested it—this issue on appeal is waived. TEX. R. APP. P. 33.1(a)(1); *see also Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (holding "invited error" doctrine prevents party from taking advantage of error it induced).

*Abatement for Out-of-Time Motion for New Trial?*

Appellant further argues, however, that "[i]n the event this Court finds the error should have been raised prior to the direct appeal, appellant asks the Court to abate the appeal and grant her permission to file an out-of-time motion for new trial so that she can object to the unlawful community supervision grant on the record and explore on the record why her trial counsel failed to do so[.]" Appellant's request is based on her assertion that she was deprived of counsel during the period for filing a motion for new trial.

A motion for new trial must be filed no later than thirty days after the sentence is imposed. TEX. R. APP. P. 21.4(a). The period for filing a motion for new trial is a critical stage of the proceedings at which a defendant is entitled to effective

---

The State then requested certain conditions of community supervision, and the defense requested that the sentence be probated for 30 days. The trial court then assessed punishment as follows:

> The jury has recommended a punishment of $150 on each case but with a community service recommendation. I am taking both of those fines or sentences, whatever you want to call them; and I'm suspending them for a period to allow you to do community supervision for a period of eight months.

7

assistance of counsel. *Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007); *Benson v. State*, 224 S.W.3d 485, 490 (Tex. App.—Houston [1st Dist.] 2007, no pet.). If the record does not reflect that trial counsel withdrew or was replaced by new counsel after sentencing, a rebuttable presumption exists that trial counsel continued to effectively represent the accused during the time period for filing a motion for new trial. *Benson*, 224 S.W.3d at 491; *Jones v. State*, 39 S.W.3d 691, 693 (Tex. App.—Corpus Christi 2001, no pet.). It is the appellant's burden to rebut the presumption that she was adequately represented by counsel during the time period for filing a motion for new trial. *Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998).

The State concedes that appellant has rebutted the presumption that she was represented by counsel during the time period for filing a motion for new trial. The notice of appeal filed on December 11, 2019—the same day appellant's sentence was suspended—includes trial counsel's motion to withdraw, which the trial court granted that same day. The notice of appeal, also filed on that date, contains a handwritten entry that the "Public Defenders Office per local rule" would be appointed to represent appellant on appeal. However, the "Pauper's Oath on Appeal" indicates that an assistant public defender was not actually appointed to represent appellant until February 3, 2020. Thus, the record shows that appellant was not

8

represented by counsel from December 11, 2019 until February 3, 2020, which encompassed the entire 30-day period for filing a motion for new trial.

Because appellant was deprived of counsel for the entirety of the critical stage, i.e., the period for filing a motion for new trial, we must presume that she suffered harm. *See Parker v. State*, 604 S.W.3d 555, 558 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *Carnell v. State*, 535 S.W.3d 569, 572 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (citing *Batiste v. State*, 888 S.W.2d 9, 14 (Tex. Crim. App. 1994)). When, as here, an appellant shows that the deprivation of counsel was harmful, the proper remedy is to abate the appeal and remand the case to the trial court to allow the appellant to file an out-of-time motion for new trial. *See Ward v. State*, 740 S.W.2d 794, 800 (Tex. Crim. App. 1987); *Carnell*, 535 S.W.3d at 573.

## CONCLUSION

Accordingly, we abate the proceedings, remand the case to the trial court, and restart the appellate timetable to allow appellant the opportunity to file a motion for new trial.[5]

---

[5] Because we abate the proceeding and restart the appellate timetable to allow appellant the opportunity to file a motion for new trial, we need not address appellant's remaining issues and decline to do so. *Carnell v. State*, 535 S.W.3d 569, 574 n.5 (Tex. App.—Houston [1st Dist.] 2017, no pet.). If the trial court grants appellant's motion for new trial, the record will be supplemented with the trial court's order, and appellant's appeal will be dismissed. *Id.* If the trial court overrules the motion, the record will be supplemented with the order and any reporter's record of a hearing on the motion, and the parties will be allowed to brief any issues relating to the overruled motion as well as the issues we do not reach in this abatement order. *Id.*

The timetable for filing a motion for new trial shall begin running on the date the district clerk receives this order. *See Carnell*, 535 S.W.3d at 573.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Kelly and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).